In re BYRNE et al.

(District Court, S. D. Iowa, E. D. November 25, 1899.)

1. BANKRUPTCY—PRIORITY OF PAYMENT—LABOR CLAIMS.

Where the laws of the state give a preference to the wages of employés, to the extent of $100 to each person, for labor performed within 90 days before the seizure of the employer's property on judicial process, or its sequestration in the hands of a receiver or trustee for the purpose of paying his debts, and the courts of the state hold that this preference or charge outranks any liens on the property created by contract, such a labor claim, to the amount of $100, will be entitled to priority of payment out of the estate of the employer in bankruptcy, in preference to a landlord's statutory lien for rent of the premises in which the bankrupt's business was carried on.

2. SAME—LANDLORD'S LIEN FOR RENT.

A landlord to whom rent is due for the use of the premises by the bankrupt as a store will not be required to bring an action in a state court for the establishment of his lien, as provided by the state statute, as a precedent step to the assertion of his rights against the bankrupt's property in the hands of the trustee, but may at once prove his debt, and be heard in the court of bankruptcy in support of his claim to priority.

In Bankruptcy. On appeal from ruling of referee upon the question of the right of W. P. Byrne to claim payment of claim in preference to lien of L. M. Runyan.

Blake & Blake, for Byrne.
E. S. Huston, for Runyan.

SHIRAS, District Judge. From the record and the certificate of the referee in this case it appears that there is in the hands of the trustee for distribution the sum of $112.77, money realized from the sale of a stock of boots and shoes belonging to the bankrupt firm. There has been proved up and allowed a claim on behalf of L. M. Runyan in the sum of $78.33, as rental due from the firm for the use of a storeroom owned by Runyan, but leased to the firm, and in which room were kept the boots and shoes which passed into the possession of the trustee after the adjudication in bankruptcy; and the facts show that Runyan is entitled to a landlord's lien, for the rental due him, upon the stock of goods which were taken possession of by the trustee, the lien being created by the provisions of section 2992 of the Code of Iowa. On behalf of W. P. Byrne a claim in the sum of $100 has been filed and allowed for wages due him, as a clerk or employé of the bankrupt firm, for work by him done within 90 days next preceding the initiation of the proceedings in bankruptcy; and on his behalf it is claimed that, under the provisions of section 4019 of the Code of Iowa, Byrne becomes a preferred creditor for this amount, and therefore, under section 64 of the bankrupt act, he is entitled to payment in full out of the funds in the hands of the trustee before any part thereof can be applied to the discharge of the landlord's lien existing in favor of Runyan.

The Code of Iowa (section 4019) provides that:

"When the property of any company, corporation, firm or person shall be seized upon by any process of any court, or placed in the hands of a receiver, trustee or assignee for the purpose of paying or securing the payment of the debts of such company, corporation, firm or person, the debts owing to employés for labor performed within ninety days next preceding the seizure or transfer of such property, to an amount not exceeding one hundred dollars to each person, shall be a preferred debt and paid in full. * * *"

In the case of Reynolds v. Black, 91 Iowa, 1, 58 N. W. 922, the question was presented to the supreme court of the state whether this section gave the employé a preference in the order of payment out of the proceeds of property upon which an express lien in the form of a mortgage rested when the property was taken under judicial process, and the conclusion reached was that the statutory preference created in favor of the employé gave him priority over the existing mortgage lien. It thus appears that, under the laws of this state, when an insolvent estate is being closed up through the medium of a receiver, trustee, or assignee, the wages due employés, up to the amount of $100 to each person, for work done within 90 days next preceding the seizure by judicial process, or the transfer to the receiver, trustee, or assignee of the property of the insolvent, will be given preference in order of payment over contract liens existing thereon; and the same preference must be given to wages due employés over liens cre-

ated by statute, such as the landlord's lien claimed on behalf of Runyan.

On behalf of Runyan it is contended that the trustee takes the property of the bankrupt subject to the liens and equities existing in favor of third parties, and that therefore the landlord's lien created by the statute of Iowa must be held to apply to the proceeds of the property in the hands of the trustee. Marshall v. Knox, 16 Wall. 551; Jerome v. McCarter, 94 U. S. 734. If the present contest was between the trustee, as the representative of the creditors at large, and Runyan, as the landlord of the bankrupt, the general rule contended for would be applicable; but the contest now before the court is between two creditors, who each make a special claim to the fund in the hands of the trustee, and as between these parties the trustee stands indifferent.

On behalf of Byrne it is urged that Runyan cannot be heard to assert that he is entitled to a landlord's lien, because he did not institute an action for the establishment of his lien under the provisions of the state statute, but simply proved up his claim as a money debt in the bankruptcy proceedings. Under the express grant of jurisdiction at law and in equity conferred upon the district courts in bankruptcy by the provisions of the second section of the bankrupt act, it cannot be questioned that in dealing with the questions that arise in the administration of bankrupt estates the court has the power to, and ordinarily will, exercise its equitable jurisdiction in order to be enabled to deal with the rights of parties upon the basis of the merits, rather than to be controlled by legal forms. No good reason exists for the adoption of the rule that in bankruptcy cases, when the property of the bankrupt has passed into the possession of the trustee, and under the control of the bankruptcy court, parties who may have or claim liens upon or equities in the property may not at once appear in the bankruptcy court and case, and there be heard on behalf of the claim they assert; and I therefore hold that Runyan was not required to bring an action in the state court for the establishment of his lien, as a precedent step to the assertion of his right against the property of the bankrupt or the proceeds in the hands of the trustee. The facts show that Runyan is entitled to a landlord's lien upon the stock of goods that passed into the hands of the trustee, and the question is whether Byrne is entitled to a preference in the order of payment.

On behalf of Runyan it is contended that section 4019 of the Code of Iowa does not create in favor of Byrne a lien upon the funds in the hands of the trustee. But is the contention well founded? In Bouvier's Law Dictionary a lien is defined to be "a hold or claim which one has upon the property of another as a security for some debt or charge." In Peck v. Jenness, 7 How. 612, it is said:

"At common law there can be no lien without possession. It is there defined,—a right in one man to retain that which is in his possession, belonging to another, till certain demands of him (the person in possession) are satisfied. Hammonds v. Barclay, 2 East, 235. In maritime law, liens exist independently of possession, either actual or constructive. In courts of equity, the term 'lien' is used as synonymous with a charge or incumbrance upon a thing, where there is neither jus in re, nor ad rem, nor possession of the thing."

Can there be any question that section 4019 of the Code of Iowa, in cases wherein the property of an insolvent has passed into the possession of a receiver, trustee, or assignee, creates in favor of employés a charge or incumbrance thereon which is given priority over other claimants? Can there be any question that under this section Byrne is entitled to the funds in the hands of the trustee, up to the amount of $100, as against the general creditors of the estate? Is it not, therefore, clear that Byrne has a charge, an incumbrance, in essence and in fact an equitable lien, upon the fund in question, which he is entitled to assert as against all parties except those who are able to show priority of right? In fact both Runyan and Byrne have a right to the fund in the hands of the trustee which is superior to that of the general creditors; the right in each case being created by the provisions of the statutes of Iowa, and of such a nature that in equity they constitute a lien upon the fund in the possession of the trustee. The question of the relative rank of their liens must be determined by the construction given to the statutes of Iowa which create the liens; and, as already pointed out, the supreme court of Iowa, in Reynolds v. Black, supra, has expressly held that the charge created in favor of employés by the provisions of section 4019 of the Code is superior and prior to mortgage and other like liens. Under the rule thus established by the state supreme court, it must be held that Byrne has the prior right to payment out of the fund in the hands of the trustee; and, as this was the conclusion reached by the referee, his ruling must be, and is, affirmed.