## B. F. RODEN GROCERY CO. v. BACON.

(Circuit Court of Appeals, Fifth Circuit. November 7, 1904.)

No. 1,322.

1. BANKRUPTCY—ENJOINING PROCEEDINGS IN STATE COURT—ATTACHMENT OF EXEMPT PROPERTY.

Where a creditor of a bankrupt holds a written waiver of exemptions, which is permitted by the law of the state, the court of bankruptcy should not, on application of the bankrupt, enjoin him from prosecuting an attachment suit in a state court against property claimed by the bankrupt as exempt, in any event not longer than until the property shall have been set aside as exempt by the trustee, the validity of the waiver being a matter immaterial to the court of bankruptcy, and one for the state court to determine.

Petition for Revision of Order Made in Bankruptcy of A. H. Bacon, Pending in the District Court of the United States for the Northern District of Alabama.

On the 23d day of September, 1903, the bankrupt filed his voluntary petition in bankruptcy in the District Court of the United States for the Southern Division of the Northern District of Alabama, and was on the same day duly adjudicated a bankrupt by said court, and the case was referred to Hon. N. W. Trimble, referee. The bankrupt scheduled the B. F. Roden Grocery Company as one of his creditors for the sum of $400 due by account, and claimed as exempt to himself all of the personal property scheduled. After the petition was filed, petitioner, B. F. Roden Grocery Company, had an attachment issued against the bankrupt from the city court of Birmingham, alleging that the bankrupt had waived in writing his right to claim any of his personal property as exempt as against the debt upon which said attachment was sued out. This attachment was for the sum of $411.65, and was issued on the 25th day of September, 1903, and the alleged fact of the waiver of exemption was indorsed upon the attachment writ. Said attachment was duly levied by the sheriff of Jefferson county upon the property claimed as exempt by the said bankrupt before any appointment of a trustee for the bankrupt's estate. On September 26, 1903, the bankrupt filed his petition in the bankruptcy court for a rule nisi to the B. F. Roden Grocery Company, and praying for a dissolution of said attachment. Upon the hearing of said petition before the referee, the said B. F. Roden Grocery Company filed an answer to the effect (1) that the court had no jurisdiction to order the said B. F. Roden Grocery Company to dismiss its attachment suit in the state court, which had been levied upon property that had been claimed as exempt by the bankrupt; (2) that the bankrupt had in writing waived his right to claim as exempt the property levied upon in said attachment suit, and claimed it as exempt in the proceeding in bankruptcy. To this answer the bankrupt replied by denying its allegations, and by filing a replication averring that said attachment suit was instituted subsequently to the adjudication of bankruptcy, and before the exemptions had been set aside to said bankrupt in said cause. The B. F. Roden Grocery Company moved to strike out the replication filed by the bankrupt upon the grounds that the same was no answer to the answer of the said B. F. Roden Grocery Company. Upon the hearing the said petitioner introduced evidence tending to show that for the goods sold to the bankrupt the Roden Grocery Company held receipts signed by the bankrupt containing the following waiver: "The right of exemption is hereby waived as provided in the Constitution and laws of the state of Alabama or any other state in the United States, and it is further agreed that the undersigned shall pay all costs of collection, including a reasonable attorney's fee."

¶ 1. Federal courts restraining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575.

The bankrupt testified that he signed the receipts, but that at the time he signed he did not read them, and that the drayman said to him that they were receipts for goods, and that he had to get these receipts signed to take back to the house to show that he (witness) had received the goods in good condition, and on this representation he signed the receipts without reading them, and he did not know they contained a waiver, etc. Upon this evidence the referee made an order requiring said B. F. Roden Grocery Company to dismiss its attachment proceedings in the city court, and cause the property therein attached to be restored to the above-named bankrupt, and to propound its claim, if any it had, in the bankruptcy court.

Petitioners filed a petition for review of the referee's said order to the judge of the court, which petition was granted, and the statement of facts certified to by the referee. Upon the hearing of the petition for review by the judge of the district court, the order of the referee was confirmed by an order as follows:

"In the Matter of A. H. Bacon, Bankrupt.

"This matter coming on to be considered upon the petition for review from the order of N. W. Trimble, referee, filed by the B. F. Roden Grocery Co.:

"Under consideration of the question at issue, the court finds from the evidence certified by the referee that the above-named bankrupt did not waive his right to claim personal property exempt to him under the Constitution and laws of Alabama, as against the debt due B. F. Roden Grocery Company, the foundation of their attachment suit in the city court of Birmingham against the above-named bankrupt, and that said attachment was sued out after the adjudication and levied upon the property then in the possession of the bankrupt.

"It is therefore ordered, adjudged, and decreed by the court that the order of the referee herein be, and the same is hereby, in all things affirmed.

"It is further ordered, adjudged, and decreed that the said B. F. Roden Grocery Co. be, and they are hereby, enjoined and restrained from proceeding further in their said attachment suit in the city court of Birmingham against the above-named bankrupt.

"It is further ordered, adjudged, and decreed that the said B. F. Roden Grocery Company pay all costs of this proceeding for which execution may issue.

"This November 19, 1903."

M. L. Ward, for petitioner.
Lee Cowart and J. J. Curtis, for respondent.

Before PARDEE and SHELBY, Circuit Judges, and NEWMAN, District Judge.

PARDEE, Circuit Judge. Comity requires that the jurisdiction of courts of bankruptcy to enjoin proceedings instituted or pending against the bankrupt in other tribunals should not be invoked, unless necessary to protect the bankrupt's estate or otherwise preserve the rights of creditors. In the present case the injunction allowed was on the application of the bankrupt to preserve the exempt property claimed by him in his schedules, the title to which was not to pass to a trustee, and which, beyond the formal setting aside by the trustee when elected, was not to be administered in the bankruptcy court. There was no claim that the actual possession of the bankruptcy court was affected or in any wise interfered with.

While the creditor holding a waiver note given by a bankrupt has no lien on specified property—in fact, no lien at all—and the debt represented by such note is one within the purview of the bankrupt law, to be discharged by proper proceedings thereunder, yet the rights of said creditor are to be so far recognized as to require the withhold-

ing of the bankrupt's discharge a reasonable time to permit the creditor to assert in the proper state tribunal his alleged right to subject the exempt property to the satisfaction of his claim. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. This being the case, it would seem that it is to the interest of the general creditors that such right should be prosecuted and enforced pending the bankruptcy, and prior to proof of debt, to prevent the creditor holding the waiver from taking a dividend on his whole claim from the general assets, and thereafter availing himself of the right resulting from the waiver to proceed against the exempt property.

As the creditor holding a waiver may proceed to assert his right in a state tribunal pending the proceedings in bankruptcy, it follows that the form his action may take in the state tribunal is of no concern in the bankruptcy court, unless such writs are issued and proceedings had as directly interfere with property passing to the trustee in bankruptcy, or with exempt property not claimed by the bankrupt and in actual custody of the bankruptcy court.

The ruling of the referee and the order of the district judge complained of in the petition for revision are largely based on the finding that under the evidence in the case the petitioner here, although asserting in the state tribunal that he holds a waiver contract, in fact had no waiver. The undisputed evidence shows that the petitioner held prima facie waiver contracts as claimed. Whether the bankrupt could avoid or defeat such contracts was for the state courts to decide, and the issue seems to us to be wholly immaterial in the bankruptcy court.

If an application should be made to withhold a bankrupt's discharge, to which he would otherwise be entitled, to give time to a creditor claiming to hold a waiver note to assert his rights to proceed against exempt property in the state courts, then it would be proper for the bankruptcy court to inquire whether or not the creditor really held such waiver note; but even then it is doubtful whether the court would go beyond a prima facie case and undertake to settle the rights between the parties.

If we admit the contention that upon the adjudication all the bankrupt's estate passes constructively into the custody of the court, and that there can be no exempt property, as such, until after a trustee shall be elected, and he shall set aside the same, as required by clause 11, § 47, Bankr. Law July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3439], and as a corollary that the attachment suit instituted in the city court of Birmingham and the levy thereunder was an interference with property in custodia legis, even then the injunction enjoining further proceedings in attachment suit in the city court of Birmingham should have been temporary, so as to allow petitioner to proceed as soon as a trustee should be elected and the exempt property set aside.

The record here does not show the fact, but it was admitted at the bar, on the hearing, that since the injunction was granted a trustee has been chosen, and the entire personal assets scheduled by the bankrupt have been set aside to him as exempt property. If this be true, there can be no longer any reason to continue the injunction complained

of;. but, whether it be true or not, the proceedings below were erroneous in the matter of trying the issue of waiver vel non, and in granting a permanent injunction, and for the reasons herein given the petition for revision must be allowed.

For the purposes of the case the order to be made in this court need go no further than to modify the order of the bankruptcy court so as to allow the B. F. Roden Grocery Company to proceed in the attachment suit in the city court of Birmingham against the exempt property of A. H. Bacon, bankrupt, so far as the same can be done without interfering with property in the actual custody of the bankruptcy court or its trustee, costs to be paid by respondent; and it is so ordered.