In re MAHER.

(District Court, N. D. Georgia. April 24, 1909.)

1. Liens (§ 1*)—Definition.

The term "lien," in a narrow technical sense, signifies a right by which a person in possession of personal property holds and detains it against the owner in satisfaction of a demand. The term, however, has a more extensive meaning, being used to denote a legal claim or charge on property, real or personal, for the payment of a debt or duty; every such claim or charge being still a "lien," though the property be not in the possession of him to whom the debt or duty is due. It is a hold or claim which one has on the property of another as security for some debt or charge and may exist independent of possession. As in maritime law and in equity, the term is used as synonymous with a charge or incumbrance on the thing where there is neither jus in re nor ad rem, nor possession of the thing. [Citing Words and Phrases, vol. 5, p. 4144 et seq.]

[Ed. Note.—For other cases, see Liens, Cent. Dig. § 23; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4144–4152; vol. 8, p. 7707.]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 195*)—ADMINISTRATION OF ESTATE—GARNISHMENT.

    More than four months prior to the filing of a bankrupt's petition, claimant sued the bankrupt on an open account and garnished certain debtors of the bankrupt, who held sufficient funds to cover any judgment that might be rendered in the main suit. The bankrupt gave a bond dissolving the garnishment, depositing with the sureties $1,000 to secure them against loss. *Held*, that claimant acquired a lien as against the garnishees under the express provisions of Laws Ga. 1901, p. 55.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 195.*]

3. BANKRUPTCY (§ 415*)—APPLICATION FOR DISCHARGE—STAY.

    A claimant holding a lien against garnishees indebted to a bankrupt is entitled to a stay of the bankrupt's discharge for a reasonable time to enable claimant to enforce his rights against the garnishees and sureties on a bond to dissolve the garnishment.

    [Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 415.*]

In Bankruptcy.

Hudson Moore, for bankrupt.

Leonard Haas, for V. H. Kriegshaber.

NEWMAN, District Judge. W. R. Maher, bankrupt, made application for discharge. Thereupon V. H. Kriegshaber filed a petition praying that the discharge of the bankrupt be stayed on the following stated facts: V. H. Kriegshaber, on February 19, 1908, more than four months before the petition in bankruptcy was filed, sued W. R. Maher upon an open account for materials furnished, and at the same time served summons of garnishment upon L. A. Mullins and the Carolina & Western Railway Company. It is agreed by the parties that the garnishees held in their hands at the time of the service of the summons sufficient funds to cover any judgment that might be rendered in the main suit. Subsequently W. R. Maher gave a bond dissolving the garnishment, depositing with the sureties who went on the bond to dissolve the garnishment $1,000 to secure them against loss. The ground upon which V. H. Kriegshaber, now asks that the discharge be stayed is to give him an opportunity to enforce the rights which he claims he has acquired against the garnishees and against the sureties on the bond to dissolve the garnishment.

Counsel for the trustee in bankruptcy claims that Kriegshaber by garnishment proceedings acquired no lien, and that the $1,000 given the sureties on the bond dissolving the garnishment should go into the hands of the trustee for the purpose of dividing it among the creditors of the bankrupt. So the question is whether or not Kriegshaber, by this garnishment, acquired any lien or peculiar rights against the funds in the hands of the sureties on the bond as are referred to in Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, in that case, in speaking of creditors having peculiar rights by reason of holding notes in which there was a waiver of homestead exemption, the court, speaking through Mr. Justice White, says:

    "The rights of creditors having no lien, as in the case at bar, but having a remedy under the state law against the exempt property, may be protected by the court of bankruptcy since, certainly, there would exist in favor of a creditor holding a waiver note, like that possessed by the petitioning creditor

in the case at bar, an equity entitling him to a reasonable postponement of the discharge of the bankrupt, in order to allow the institution in the state court of such proceedings as might be necessary to make effective the rights possessed by the creditor."

It is urged by counsel for the trustee in bankruptcy that this case is controlled by the case of A. Klipstein & Company v. Allen-Miles Company, 136 Fed. 385, 69 C. C. A. 229, decided originally in this district and affirmed in the Circuit Court of Appeals for this circuit. I do not think so. In that case Allen-Miles Company had been discharged in bankruptcy, and, besides, the garnishment proceeding was taken out within four months from the time that the petition in bankruptcy was filed.

Whatever may have been the view formerly held as to the existence of a lien by reason of the service of summons of garnishment, pending suit against the funds or property in the hands of the garnishees, it seems to be now pretty well settled that the plaintiff in such proceeding has, if not a "lien" in the common acceptation of that term, at least peculiar rights against such funds or property.

In National Surety Company v. Medlock, 2 Ga. App. 665, 672, 58 S. E. 1131, 1135, in the opinion by Powell, J., it is said:

"Whether the summons of garnishment creates a lien depends upon the particular shade of meaning given to the word 'lien.' If it be used in the old common-law sense of the right to immediately grasp or hold in manual possession a chattel till something be performed or done by the owner, then a summons of garnishment does not create a lien on the funds in the hands of the garnishee; but the word has also a broader meaning. 'The term "lien," in a narrow and more technical sense, signifies the right by which a person in possession of personal property holds and detains it against the owner in satisfaction of a demand; but it has a more extensive meaning, and in common acceptation is understood and used to denote a legal claim or charge on property, either real or personal, for the payment of any debt or duty. Every such claim or charge is still a lien on the property, although the property be not in the possession of him to whom the debt or duty is due.' 'A lien is defined to be a hold or claim which one has upon the property of another as security for some debt or charge. At common law there could be no lien without possession. It is therein defined as a right in one man to retain that which is in possession and belonging to another. In maritime law, liens exist independently of possession, either actual or constructive, and in the courts of equity the term "lien" is used as synonymous with a charge or incumbrance upon the thing where there is neither jus in re nor ad rem, nor possession of the thing.' See 5 Words & Phrases Judicially Defined, 4144 et seq., where these and a variety of similar definitions are given. See, also, In re Byrne (D. C.) 97 Fed. 762, 764; Downer v. Brackett, 21 Vt. 599, 602, Fed. Cas. No. 4,043; U. S. Blowpipe Company v. Spencer, 40 W. Va. 698, 21 S. E. 769. Whether the service of a summons of garnishment creates a technical lien on the funds in the hands of the garnishee or not, still, especially when the garnishee admits liability and pays the fund into court, or in lieu of such actual payment a statutory bond is substituted, the court acquires such a hold upon the money or the res, such a right to retain and administer the fund (or what has been substituted for the fund, the bond), that the subsequent adjudication in bankruptcy, made more than four months thereafter, will not disturb it. Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128, s. c. 9 Am. Bankr. Rep. 47, sub nom. Pickens v. Dent, 106 Fed. 653, 45 C. C. A. 522. In that case the court, reasserting the rule that the court which first obtains rightful jurisdiction over the subject-matter shall hold it, quotes approvingly from Frazier v. Southern Loan & Trust Company, 99 Fed. 707, 40 C. C. A. 76, 3 Am. Bankr. Rep. 710, as follows: 'Bankr. Act July 1, 1898. c. 541, § 1, 30 Stat. 544 (U. S. Comp. St.

1901, p. 3418), does not in the least modify this rule, but with unusual carefulness guards it in all of its detail, provided the suit pending in the state court was instituted more than four months before the District Court of the United States had adjudicated the bankrupt of the party entitled to or interested in the subject-matter of such controversy.' See, also, in the same connection, Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122; Collier on Bankruptcy (6th Ed.) 571; Boston Mercantile Company v. Ould-Carter Co., 123 Ga. 458, 15 S. E. 466."

In view of this ruling it would seem that the plaintiff in a garnishment proceeding would at least have as much right against the funds and property in the hands of the garnishee as would a creditor holding a waiver of exemption note against the exemption of a bankrupt. But by the act of the Legislature of Georgia, approved November 11, 1901 (Laws Ga. 1901, p. 55), it is enacted, among other things, as follows:

"The service of a summons of garnishment shall in all cases operate as a lien on all the garnishee's indebtedness at the date of the service and also on all future indebtedness accruing up to the date of the answer, and such lien shall not be defeated by any payments by the garnishee or overdrafts by the defendant or other arrangements between the defendant and the garnishee."

How far the lien provided for by this act would be effective against other general judgments obtained against the defendant in other suits prior to a judgment in the main suit in which the garnishment was taken out may be questioned; but there seems to be no doubt under this act that, as between the plaintiff in the suit on which the garnishment is based and the garnishee, a lien exists in favor of the plaintiff against the funds in the hands of the garnishee.

I do not decide now whether the trustee in bankruptcy has any rights as to the $1,000 in the hands of the sureties on the bond to dissolve the garnishment. I need only say this: That if the surety is held liable on the bond in the state court, and it appears that the $1,000 was placed in the hands of the sureties on the bond at the time the same was executed and more than four months before the bankruptcy proceedings, it would be questionable at least if there existed any such rights.

The conclusion is that V. H. Kriegshaber is entitled on his petition to have the discharge of the bankrupt stayed for a reasonable time, and an order may be made for the present staying the discharge for 60 days.