### H. S. MEINHARD & BRO. v. PINCUS.

(Circuit Court of Appeals, Fifth Circuit. November 27, 1912.)

No. 2,387.

BANKRUPTCY (§ 399*)—WAIVER OF EXEMPTION—DISCHARGE.

Where a creditor of a bankrupt claimed a waiver of homestead and exemption rights by the bankrupt, so far as the creditor's debt was concerned, and had instituted suit in the state court to subject the bankrupt's exemptions to the payment of such debt, the creditor was entitled to an order withholding the bankrupt's discharge for a reasonable time, to enable him to prosecute his rights in the state court on a prima facie showing that the waiver existed, without undertaking to determine the merits thereof.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 657, 669; Dec. Dig. § 399.*]

Appeal from the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

In the matter of the bankruptcy proceedings of Max Pincus. From an order rescinding a prior order staying the bankrupt's discharge, pending a suit to subject certain exempt property to the claim of H. S. Meinhard & Bro., they appeal. Reversed and remanded.

See, also, 200 Fed. 738.

In January, 1912, Max Pincus was, upon his voluntary petition for that purpose, adjudicated a bankrupt. He claimed exemption of certain personal property, comprising a stock of merchandise, consisting of shoes, clothing, dry goods, and notions. The trustee set aside said stock of merchandise to the bankrupt. In due course of time the referee confirmed the report of the trustee, and the stock of merchandise was delivered by the trustee into the possession of the bankrupt. Pincus claims that on the same day he sold this exempt stock of merchandise and parted with the title and possession thereof. On the same day Meinhard & Bro. presented a petition to the superior court of Grady county, Ga., wherein the defendant, Max Pincus, resided, asking for the appointment of a receiver to take charge of the exempt property, and hold the same until such time as they could obtain a judgment in rem against said property. Said superior court did appoint such receiver, who took the property into his possession.

In the meantime Pincus had filed an application for discharge in bankruptcy. The referee issued the notice required, and none of his creditors filed specifications of objections to such discharge. However, before said discharge was granted, Meinhard & Bro. filed their application in the District Court to have the discharge of said bankrupt "stayed" until after the case against Pincus, then pending in the superior court of Grady county, should be judicially terminated. The judge of the District Court signed an order staying the discharge of the bankrupt, as prayed for. Thereafter Pincus filed a motion to revoke and rescind the previous order staying his discharge. A rule nisi was served on Meinhard & Bro. After argument, the District Court revoked and rescinded its previous order staying such discharge, and later discharged the bankrupt.

The facts brought out before the District Court were as follows: About

---

July 1, 1911. Max Pincus, a retail merchant, ordered certain specific merchandise from H. S. Meinhard & Bro., wholesalers, to be shipped to him at stated times, to wit, during the months of August and September, 1911, thereafter. Upon receipt of this order Meinhard & Bro. asked Pincus for a signed statement of his financial condition, which statement contained a waiver of homestead and exemption rights. At the time Pincus signed this statement he was indebted to Meinhard & Bro. in the sum of $583.50 for other merchandise which they had previously sold and delivered to him. Upon receipt of this statement containing the waiver, Meinhard & Bro. approved said order, so notified Pincus, and entered the same on their books for shipment at the times stated, and thereafter delivered the goods ordered to Pincus in compliance with their contract so to do. The statement and waiver were received from Pincus about July 9th. There was some question as to the signature of Pincus to the statement, which was explained by him in a letter dated July 12, 1911, in which Pincus ordered additional merchandise from Meinhard & Bro. Three days after the receipt of this letter Meinhard & Bro. approved said order and delivered to Pincus that portion of the merchandise last ordered by him. The merchandise described in the original order was delivered by Meinhard & Bro. at the times directed by Pincus in his original order. The $583.50 representing the amount of indebtedness due Meinhard & Bro. at the time Pincus signed the exemption waiver was paid by him at the time the same became due. The $634.50 worth of merchandise which Pincus ordered about July 1, 1911, and which was shipped to him after he had signed the exemption waiver, was never paid for.

T. H. Parker, of Moultrie, Ga., for appellants.

Arthur H. Codington and Chas. Akerman, both of Macon, Ga., for appellee.

Before PARDEE, and SHELBY, Circuit Judges, and MEEK, District Judge.

PARDEE, Circuit Judge (after stating the facts as above). In Roden Grocery Company v. Bacon, reported in 133 Fed. 515, 66 C. C. A. 497, this court held:

"While the creditor holding a waiver note given by a bankrupt has no lien on specified property—in fact, no lien at all—and the debt represented by such note is one within the purview of the bankrupt law, to be discharged by proper proceedings thereunder, yet the rights of said creditor are to be so far recognized as to require the withholding of the bankrupt's discharge a reasonable time to permit the creditor to assert in the proper state tribunal his alleged right to subject the exempt property to the satisfaction of his claim. Lockwood v. Exchange Bank, 191 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061. This being the case, it would seem that it is to the interest of the general creditors that such right should be prosecuted and enforced pending the bankruptcy, and prior to proof of debt, to prevent the creditor holding the waiver from taking a dividend on his whole claim from the general assets and thereafter availing himself of the right resulting from the waiver to proceed against the exempt property. As the creditor holding a waiver may proceed to assert his right in a state tribunal pending the proceedings in bankruptcy, it follows that the form his action may take in the state tribunal is of no concern in the bankruptcy court, unless such writs are issued and proceedings had as directly interfere with property passing to the trustee in bankruptcy, or with exempt property not claimed by the bankrupt and in actual custody of the bankruptcy court. The ruling of the referee and the order of the District Judge complained of in the petition for revision are largely based on the finding that under the evidence in the case the petitioner here, although asserting in the state tribunal that he holds a waiver contract, in fact had no waiver. The undisputed evidence shows that the petitioner held prima facie waiver contracts as claimed. Whether the bank-

rupt could avoid or defeat such contracts was for the state courts to decide, and the issue seems to us to be wholly immaterial in the bankruptcy court. If an application should be made to withhold a bankrupt's discharge, to which he would otherwise be entitled, to give time to a creditor claiming to hold a waiver note to assert his rights to proceed against exempt property in the state courts, then it would be proper for the bankruptcy court to inquire whether or not the creditor really held such waiver note; but even then it is doubtful whether the court would go beyond a prima facie case and undertake to settle the rights between the parties."

The foregoing seems to be very pertinent in the instant case, where a creditor of the bankrupt, holding a written waiver of homestead exemption, has instituted a suit in the state court, which is now pending, to have his rights enforced against the exempt property of the bankrupt; and the only question is whether the court will order the bankrupt's discharge withheld for a reasonable time to enable the creditor to prosecute his rights in the state court, and as preliminary thereto will undertake to decide on the merits of the creditor's claimed waiver. As indicated in the case of Roden Grocery Co. v. Bacon, supra, we were then of opinion that the court's inquiry should go no further than to ascertain whether or not a prima facie waiver existed in the case, and the fact that the bankruptcy court is without jurisdiction to pass upon and adjudicate the question of waiver vel non seems to be good reason for such opinion; and, as the applying creditor has actually commenced a suit in the state court which has jurisdiction in the premises, greater force is given to the proposition that the bankruptcy court should not attempt to prejudge the matter.

The learned District Judge has furnished an elaborate opinion on the validity of the waiver in this case, and counsel have supplemented it with many pages of argument, and citing authority, supporting and attacking the judge's opinion; but we do not feel called to follow, as our conclusion could only be an opinion, and not a decision. Whether the facts and circumstances in this particular case avoid the waiver is for the state court to decide, and the court below should throw no obstructions in the way.

The order appealed from is reversed, and the case is remanded, with instructions to withhold the discharge of the bankrupt, Max Pincus, a reasonable time, for Meinhard & Bro. to prosecute and have adjudicated in the state court their alleged right to subject the exempt property of the bankrupt to the satisfaction of their claim.