In re J. L. PHILIPS & CO. †

In re BAILEY.

(District Court, S. D. Georgia. July 23, 1915.)

1. BANKRUPTCY ☞195—GARNISHMENT—LIENS.

Where a creditor procured by garnishment in a state court funds of the debtor more than four months before the debtor was adjudged a bankrupt, and the debtor, to secure a release of garnishment, executed a bond, the creditor acquired a lien undisturbed by the subsequent bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 296–305; Dec. Dig. ☞195.]

2. BANKRUPTCY ☞407 — DISCHARGE — POSTPONEMENT — ENFORCEMENT OF RIGHTS IN STATE COURTS.

Where a creditor acquired in a state court, more than four months before the debtor was adjudged a bankrupt, a lien by garnishment of funds, and the debtor, to secure a release of the garnishment, executed a bond, the creditor was entitled to a reasonable postponement of the discharge of the bankrupt to enable him to enforce his rights in the state court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. ☞407.]

3. BANKRUPTCY ☞416 — DISCHARGE — POSTPONEMENT — ENFORCEMENT OF RIGHTS IN STATE COURTS.

A creditor procured by garnishment in a state court funds of the debtor more than four months before the debtor was adjudged a bankrupt. The debtor gave a bond to secure a release of the garnishment, and obtained a stay of the state action, which was founded on a contract from which a discharge in bankruptcy would be a release. An entry of judgment in the state court in favor of the creditor was a necessary prerequisite to a judgment on the dissolution bond, conditioned on payment to the creditor of such sum as he might recover in the action. Held, that the creditor probably acquired a lien by his garnishment, and the court, on his petition for a stay of the debtor's discharge in bankruptcy, must protect him, and will order a discharge on condition that the bankrupt will consent to a vacation of the stay in the state court and to a trial of the cause on its merits, and will stay execution on judgment recovered by

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

† Petition for rehearing pending.

the creditor, so as to form a proper basis for judgment on the dissolution bond.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 707; Dec. Dig. ☞416.]

In Bankruptcy. In the matter of J. L. Philips & Co., a corporation, bankrupt. Application of bankrupt for discharge, and petition of J. S. Bailey for stay of discharge. Order of discharge conditionally directed.

Gibbons, Maxwell, McGarry & Daniel, of Jacksonville, Fla., for petitioner.

Reynolds & Rogers, of Jacksonville, Fla., and W. I. MacIntyre, of Thomasville, Ga., for bankrupt.

LAMBDIN, District Judge. J. L. Philips & Co., a corporation, with its principal place of business in Thomasville, Ga., filed its voluntary petition in bankruptcy May 22, 1912, and was duly adjudicated bankrupt on May 25, 1912. In February, 1911, J. S. Bailey instituted a common-law action in assumpsit in the state circuit court of Duval county, Fla., against said corporation to recover the sum of $4,121.93 alleged to be due by said corporation to said Bailey; same being an action ex contractu. On December 6, 1911, more than four months prior to said bankruptcy proceedings, the plaintiff, Bailey, sued out garnishment on said common-law action, and caused same to be served on said date on four national banks located in Jacksonville, Fla. On December 14, said Philips & Co. filed a bond in said state court in the penal sum of $15,000, with the Fidelity & Deposit Company of Maryland as surety, conditioned to pay to the said J. S. Bailey such sum, with interest and costs, as said Bailey might recover in said suit, which bond was approved and accepted by the court, and thereupon the state court granted an order that said garnishees should be released and discharged from liability. Said Bailey never filed his claim against said corporation in the bankruptcy proceedings. Said bankrupt did not schedule Bailey as a creditor in its original schedules, but on March 29, 1913, said bankrupt filed amended schedules, in which it scheduled the claim of said Bailey against it at the amount of $6,357-25; but in said schedules said bankrupt set out a counterclaim in its favor against said Bailey for $8,541.67, which counterclaim arose out of the same contracts that formed the basis of Bailey's suit in the state court. After the filing of said petition in bankruptcy the common-law action in the state court reached an issue of fact and became ready for trial. On April 30, 1913, the bankrupt duly filed in this court its petition for discharge, as provided by law. On May 16, 1913, said corporation filed a motion in the state court in Florida, asking for the stay of said common-law action, and on May 17th the state court granted an order "temporarily staying said action during the pendency of said cause in bankruptcy and then until further order of the court," and no further proceedings have been had in said suit. On May 29, 1913, said Bailey duly filed his petition in the United States District Court, praying that the discharge of the bankrupt

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

should be stayed until his suit in the state court in Florida should be tried, the stay being asked "for the purpose of enabling him to enforce his rights against the garnishees and against the surety on the bond to dissolve the writ of garnishment"; and he further prayed that the United States court "should direct that the suit in the state court should be allowed to be tried, for the purpose of liquidating and ascertaining the amount of his claim, if any, against said corporation." This petition is now before me for determination.

[1] 1. The question here presented is one of some difficulty. The petitioner, Mr. Bailey, insists that the discharge of the bankrupt should be stayed until he can try his case in the state court in Duval county, Fla., and obtain a judgment against the bankrupt thereon, so that he may be able to use same as a basis for obtaining a judgment on the bond which was given to dissolve this garnishment. By the stay granted by the state court of Florida, however, he is prevented from prosecuting his case in that court. Should the United States court stay the discharge of the bankrupt, without more, the petitioner would still be as far from relief as ever, unless the Florida state court should lift the stay in that court. The matter, therefore, apparently is at a deadlock. The bankrupt insists that the petitioner has already had a sufficient stay of its discharge, so as to enable him to proceed with his action in the Florida state court; but this position comes with poor grace from the bankrupt, inasmuch as the bankrupt itself, by the motion which it filed in the Florida court, stopped the progress of the suit in that court.

The petitioner is evidently entitled to some rights in the premises. He brought suit against the bankrupt, and had garnishments served thereon, more than four months before bankruptcy. By this process of garnishment he must have caught funds of the bankrupt, because the bankrupt filed a good bond in the sum of $15,000, in order to secure a release of the garnishment. This bond, under the well-known principles of law, stands in lieu of the funds thus caught. Petitioner, under the statutes and court decisions generally covering such matters, thereby acquired a lien on the funds so caught, and the court acquired such a hold upon these funds, or the bond which was substituted for same, that the subsequent adjudication in bankruptcy, made more than four months thereafter, did not disturb this lien. National Surety Co. v. Medlock, 2 Ga. App. 665, 58 S. E. 1131, 19 Am. Bankr. Rep. 654; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, 9 Am. Bankr. Rep. 36; Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128, 9 Am. Bankr. Rep. 47; Citizens' Nat. Bank v. Dasher, 34 Am. Bankr. Rep. 136, 16 Ga. App. ——, 84 S. E. 482; In re Maher (D. C. Ga.) 22 Am. Bankr. Rep. 290, 169 Fed. 997.

[2] Such being the case, petitioner has an equity entitling him to a "reasonable postponement" of the discharge of the bankrupt, so as to enable him to enforce his rights in the state circuit court of Florida. Lockwood v. Exchange Bank, 190 U. S. 294, 23 Sup. Ct. 751, 47 L. Ed. 1061, 10 Am. Bankr. Rep. 107; Roden Grocery Co. v. Bacon (C. C. A. 5th Cir.) 13 Am. Bankr. Rep. 251, 133 Fed. 515, 66 C. C. A. 497; In re Maher, supra (D. C. Ga.) 22 Am. Bankr. Rep. 290, 169 Fed. 997;

Meinhard & Bro. v. Pincus (C. C. A. 5th Cir.) 29 Am. Bankr. Rep. 619, 200 Fed. 736, 119 C. C. A. 180.

[3] 2. The bankrupt, however, claims that it will not affect the petitioner's rights in the premises if the discharge prayed for is granted. The court is not so certain as to this. The contract sued upon in the state court is one from which the discharge in bankruptcy would be a release, and therefore, if the discharge is granted here, and this discharge is claimed in the Florida court, the petitioner might not be able to enter up a judgment against the bankrupt in that court. The entry of this judgment is a necessary prerequisite to a judgment on the dissolution bond, because this bond is "conditioned to pay to the said J. S. Bailey such sum, with interest and costs, as said Bailey may recover in the suit." Therefore, in order to charge the surety on the dissolution bond, it would be necessary for petitioner to recover a judgment against the bankrupt in said suit. If a discharge should be granted, it might be impossible for petitioner to obtain a judgment against the bankrupt, which would be a necessary foundation for a judgment on the dissolution bond.

The bankrupt, however, claims, under the authority of the case of Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, and 107 U. S. 631, 2 Sup. Ct. 404, 27 L. Ed. 493, that, even after a discharge is granted by the court, same would not prevent the state court from rendering a special judgment against it in the suit pending in that court, if petitioner is otherwise entitled to same, with a perpetual stay of execution, so as to leave the petitioner at liberty to proceed against the surety on the dissolution bond. This seems to be the holding, also, of the Supreme Court of Connecticut in the case of Schunack v. Art Metal Novelty Co., 84 Conn. 331, 80 Atl. 290, reported in 26 Am. Bankr. Rep. 731, and of the Supreme Court of Maryland in the case of Kendrick & Roberts v. Warren Bros., 110 Md. 72, 72 Atl. 461, and of the Supreme Court of Rhode Island in the case of Butterick Publishing Co. v. Bowen Co., 26 Am. Bankr. Rep. 718, 33 R. I. 40, 80 Atl. 277, and of the Supreme Court of Pennsylvania in the case of Wind Engine & Power Co. v. Iron Co., 227 Pa. 262, 75 Atl. 1094, and of the Supreme Court of New York in the case of King v. Block Amusement Co., 20 Am. Bankr. Rep. 784, 126 App. Div. 48, 111 N. Y. Supp. 102, and also of the United States District Court of the Southern District of New York in Re Maaget (D. C.) 23 Am. Bankr. Rep. 14, 173 Fed. 232. But the Supreme Court of Massachusetts, in the case of Hamilton v. Bryant, 114 Mass. 543, held otherwise; and it is only by virtue of a statute passed in 1882 in that state that plaintiffs in attachments, where bankruptcy proceedings have intervened, are now allowed to enter a special judgment, so as to charge the sureties on the bonds given to dissolve such attachments.

The Supreme Court of Connecticut, in the case of Schunack v. Art Metal Novelty Co., supra, 26 Am. Bankr. Rep. 731, at the bottom of page 737 and top of page 738, 84 Conn. 331, at pages 339, 340, 80 Atl. 290, at page 294, lays down the rule of law prevailing in that state and in the other states named above in the following language:

"Under circumstances where there has been an adjudication in bankruptcy of a defendant, in proceedings begun more than four months after attachment

made, the creditor has by his attachment acquired as security for his claim sued upon a lien upon the property attached, which neither the adjudication nor any of the proceedings in bankruptcy disturbs. The defendant's discharge does not disturb it. It does, however, by precluding a general judgment against the debtor, prevent the creditor from pursuing the usual course to avail himself of this security. The creditor finds himself in the position where, having obtained security by his diligence, the door to reach it is closed to him, unless some form of judgment, not forbidden, can be rendered. His predicament furnishes to those courts which can render a qualified judgment the moving reason for doing so, in order that injustice may thus be avoided, and the creditor be enabled to avail himself of the security which is rightfully and legally his, and of the benefit of which he would otherwise be deprived. Where a bond has been given in substitution for either the property attached or the attachment in such case, the same appeal for a special judgment is made, in order that the creditor may obtain the benefit of that to which he has become rightfully entitled, or to preserve his plain equity."

The case of Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083, does not hold as a principle of law enforceable in all the states, as contended by bankrupt, that petitioner in such cases as the one under consideration, in spite of the discharge of the bankrupt, could obtain a special judgment so as to charge the surety on the dissolution bond. The Supreme Court of Illinois, from which the case of Hill v. Harding was carried by writ of error to the United States Supreme Court, had remanded that case to the court below, with direction that a judgment should be entered against the defendant, with a perpetual stay of execution, so as to enable the plaintiff to proceed against the sureties on the dissolution bond. The Supreme Court of the United States in its decision merely held that Bankr. Act March 2, 1867, c. 176, 14 Stat. 517, did not prevent this from being done. No ruling of the courts of the state of Florida or statute of that state, governing such matters, has been called to the attention of the court. This court, therefore, does not know whether the circuit court of Florida, in which the case in question is pending, would, over the objection of the bankrupt, enforce the rule of the courts of Illinois, Connecticut, Maryland, Rhode Island, and New York, or the rule as it originally stood in Massachusetts.

3. Inasmuch, therefore, as the petitioner has some rights in the matter which this court cannot ignore, and inasmuch as by his superior diligence he has probably acquired a lien by his garnishment proceedings instituted more than four months before the bankruptcy proceedings were begun, the court does not think that he should be deprived of the fruits of his superior diligence. He has an equity in the matter which this court should respect, entitling him to secure a reasonable postponement of the discharge of the bankrupt, so as to enable him to try his case in the circuit court in Florida, and thus to become enabled to charge the surety on the dissolution bond, provided he is able to establish his right to recover against the defendant in that suit. The time that has already elapsed would have been such a "reasonable postponement," if it had not been for the fact that the bankrupt itself had rendered this postponement vain by securing a stay of the suit in the Florida state court. This court cannot say what will be the result of the trial in the state court of Florida on the merits of the case; and it cannot say what the holding of that court will be upon the question

whether petitioner by his garnishment obtained, under the statutes and decisions of the courts of Florida, a lien upon the funds caught to the writ of garnishment, as held by the Court of Appeals of Georgia in the case of Citizens' National Bank v. Dasher, 34 Am. Bankr. Rep. 136, 16 Ga. App. ——, 84 S. E. 482, cited above. The general rule is that a garnishment creates such a lien, but no ruling or law of the state of Florida has been called to the attention of the court on the subject. All of these matters will have to be threshed out in the forum in which the common-law suit was brought. This court is of the opinion that the embargo should be lifted, so that these matters can be fought out and determined in that forum, and that it would be equitable and proper for the bankrupt to consent to lifting the stay of the state court proceeding, so that a special judgment may be entered against it in that case, provided petitioner on the facts is entitled to same, with a perpetual stay of execution, so as to charge the surety on the dissolution bond, as in the case of Hill v. Harding, cited above. If this is done, the bankrupt can be discharged immediately, without further delay. In passing, it may be stated that, inasmuch as the bankrupt in this case is a corporation, the postponement of its discharge until it agrees to vacate the stay of the suit in the state court of Florida will very probably not work a hardship upon it, as in the case of natural persons. The court cannot see what interest the bankrupt can possibly have in further prolonging the stay of the suit in the Florida state court, provided it is protected by a perpetual stay of execution in the event a judgment should go against it in that court.

4. An order will be entered, therefore, providing that upon the filing by bankrupt in the circuit court of Duval county, Fla., in the case pending there, a stipulation that it will consent to the stay in that court being vacated and to the trial of the case on its merits when it is reached in due course, and that petitioner, if the law and facts otherwise justify it, just as if bankruptcy had not intervened, may take judgment against the bankrupt, with a perpetual stay of execution, so as to form a proper basis for a judgment on the dissolution bond, then, upon such stipulation being so filed and approved by the circuit court of Duval county, Fla., and a certified copy filed in this court, an order of discharge will be immediately entered in favor of the bankrupt.