## PICKENS *v.* ROY.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE FOURTH CIRCUIT.

No. 78. Submitted November 10, 1902.—Decided December 1, 1902.

Where a judgment creditor filed a bill in a state court to set aside a conveyance made by a person, who during the pendency of the action and years after its commencement is adjudged a bankrupt, and to apply the proceeds of the property affected towards the payment of the debt, the state court acquires such complete jurisdiction and control over the bankrupt and his property that jurisdiction is not divested by proceedings in bankruptcy, and it is the duty of the state court to proceed to final decree notwithstanding the adjudication in bankruptcy, under the rule that the court which first acquires rightful jurisdiction over the subject matter should not be interfered with; and the District Court of the United States in which the bankruptcy proceedings are pending has no jurisdiction to restrain the complainants in the state court from executing their decree obtained in that court.

Nor does the mere fact that the complainant in such an action in a state court proved up her judgment as a preferred debt in bankruptcy "without waiving her preference," operate to deprive the State court of jurisdiction or amount to a consent to the exercise of jurisdiction by the District Court to restrain her from executing the judgment.

See also *Metcalf Brothers & Co.* v. *Barker*, decided this term, p. 165, *ante.*

THE case is stated in the opinion of the court.

*Mr. John W. Davis* for appellant. *Messrs. Davis & Davis* were with him on the brief.

*Mr. Edwin Maxwell* for appellees. *Mr. J. Hop. Woods*, was with him on the brief.

MR. CHIEF·JUSTICE FULLER delivered the opinion of the court.

This is an appeal from a decree of the United States Circuit Court of Appeals for the Fourth Circuit affirming the decree of the District Court for the District of West Virginia dissolving an injunction and dismissing a bill filed in that court by Dever Pickens against Susan C. Dent and others. 106 Fed. Rep. 653.

The facts necessary to be considered in disposing of the case were stated by the Circuit Court of Appeals in substance as follows: January 24, 1889, Susan C. Dent (afterwards Susan C. Dent Roy) exhibited her bill in the Circuit Court of Barbour County, West Virginia, against Dever Pickens and others, to set aside as fraudulent a certain deed made by Pickens to trustees, bearing date January 14, 1889, and assailing as fraudulent certain indebtedness thereby secured. At the succeeding September rules an amended bill was filed alleging that complainant Dent (Roy) on July 23, 1889, recovered a judgment at law against Pickens for the sum of $10,000, with interest and costs. Complainant prayed that the real estate mentioned in the bill as the property of Pickens, and described in the trust deed, might be sold, and the proceeds applied to the payment of her judgment and in satisfaction of the liens existing on the land. The judgment was subsequently reversed, and a retrial resulted on February 27, 1892, in a judgment for $9000, with interest and costs, and a second amended bill was filed so alleging.

The Circuit Court of Appeals did not deem it essential to give a history of the many years of "hard fought and well contested litigation," which followed, but stated that the case was pending and undisposed of by the Circuit Court of Barbour County, October 30, 1899, when Pickens was adjudicated a bankrupt by the District Court of the United States for the District of West Virginia on a petition filed October 27. After the adjudication, and on November 2, 1899, Pickens filed an answer in the chancery cause, in which he set up the proceed-

ings in bankruptcy, asked that all further action in the state court might be suspended until the District Court had disposed of those proceedings, and contended that all his estate, rights and interests of every kind and description, had passed from the control of the Circuit Court of Barbour County and into the jurisdiction of the District Court. On November 18, 1899, a trustee in bankruptcy was appointed for Pickens' estate, who in February, 1900, presented to the Circuit Court of Barbour County his petition in the chancery cause, asking that he be made a party, that his petition stand as an answer, and that the Circuit Court proceed to the enforcement of the liens against the bankrupt's estate ; and, thereafter, on February 23, 1900, that court rendered a decree by which, among other things, it was ordered that the deed of trust referred to in the bill be set aside as fraudulent and that a special commissioner and receiver therein named should rent the land described until a certain day and then sell the same, the proceeds thereof to be applied to the payment of the debts due by Pickens. November 20, 1899, complainant Dent (Roy), " without waiving her preference," tendered her proof of debt before the referee in bankruptcy, it being the judgment in question, which was allowed as a preferred claim against the bankrupt's estate.

The receiver and commissioner appointed in the chancery court was proceeding to execute the decree therein when Pickens filed his bill in the District Court March 31, 1900, against Dent (Roy) and others, rehearsing the facts relating to the suit and to the proceedings in bankruptcy, charging that the trustee was not authorized to intervene in the chancery cause, and asserting that the state court on the filing of Pickens' answer setting up his adjudication should have taken no further action, and that, therefore, the decree appointing the commissioner and receiver to rent and sell the real estate was without authority of law and void.

The prayer was that defendants be restrained from all further proceedings in the suit so pending in the Circuit Court of Barbour County until the termination of the bankruptcy proceedings ; that the receiver and commissioner be enjoined from executing the decree during their pendency ; and that the pos-

session and control of the property be turned over to the trustee to be administered under the direction of the court in bankruptcy.

A preliminary injunction was granted by the district judge, which was dissolved July 26, 1900, and Pickens' bill dismissed with costs. From that decree this appeal was taken.

Such being the state of facts, the Circuit Court of Appeals held that the District Court had no jurisdiction of the suit, even if it had been brought in the name of the trustee, who could not have sued defendants below in that court in respect of the bankrupt's property, unless by consent, while the bankrupt himself had no standing in that court after adjudication, *Bardes* v. *Hawarden Bank*, 178 U. S. 524; and further, that as the Circuit Court of Barbour County had at the time of the adjudication, and had had for years, complete jurisdiction and control over the bankrupt and his property, that jurisdiction was not divested by the proceedings in bankruptcy, and it was the right and duty of that court to proceed to final decree notwithstanding adjudication, the rule being applicable that the court which first obtains rightful jurisdiction over the subject matter should not be interfered with. *Frazier* v. *Southern Loan and Trust Company*, 99 Fed. Rep. 707. And Goff, J., speaking for the court, said: "The bankrupt act of 1898 does not in the least modify this rule, but with unusual carefulness guards it in all of its detail, provided the suit pending in the state court was instituted more than four months before the District Court of the United States had adjudicated the bankruptcy of the party entitled to or interested in the subject matter of such controversy."

The court also ruled that the mere fact that complainant Dent (Roy) proved up her judgment as a preferred debt in bankruptcy, when, and as she did, did not operate to deprive the state court of jurisdiction, nor amount to a consent to the exercise of jurisdiction by the District Court as invoked.

We are of opinion that the Circuit Court of Appeals was right in its rulings. The case in the one aspect came within *Bardes* v. *Hawarden Bank*, and in the other within the rule applied. *Metcalf* v. *Barker*, *ante*, p. 165.

*Decree affirmed.*