MINNIE MEIRKORD ET AL., Plaintiffs, v. H. W. HELMING ET AL., Defendants, F. H. DRAKE, Trustee, Appellant. and W. O. ROOSEVELT Co. ET AL., Appellees.

**Bankruptcy:** PRIORITY OF JUDGMENT LIEN.    A trustee in bankruptcy
1    has no right in the property of a bankrupt's estate superior to a valid judgment lien obtained more than four months prior to the filing of the petition in bankruptcy.

**Judgment:** CORRECTION OF RECORD: NOTICE.    Where a judgment
2    upon firm indebtedness is in fact also rendered against the individual members upon proper notice and pleading, but this fact by oversight of the clerk is not made to clearly appear on the complete record, a correction of the record may be made without notice to the judgment debtors, since the same relates to a merely formal matter.

*Appeal from Allamakee District Court.*— HON. L. E. FELLOWS, Judge.

TUESDAY, JUNE 9, 1908.

REHEARING DENIED, TUESDAY, SEPTEMBER 29, 1908.

THIS is a contest between the appellant as trustee of the bankrupt estate of John Helming and judgment creditors of said Helming.— *Affirmed.*

*Douglas Deremore,* for appellant.

*William S. Hart,* for appellees.

SHERWIN, J.— The parties designated herein as appellees obtained judgments against John Helming in the district court of Allamakee county prior to the 1st day of December, 1897; the precise date of the several judgments being of no consequence. In 1903 the mother of John Helming died owning real estate, one-eighth of which he thereupon inherited. Thereafter the appellees caused executions to be issued on their judgments against John Helming, and the same were levied on his interest in his mother's estate on the 19th of September, 1904. In October, 1904, certain legatees of Henry Helming, the father of John Helming, brought a suit to enjoin sales under these executions, alleging that John Helming inherited nothing from his mother, who had survived her husband. John Helming was adjudged a bankrupt in Montana in October, 1904, and in January, 1905, the appellant herein intervened in the equity case then pending in Allamakee county to enjoin the sale of the land to satisfy judgments against John Helming, in which he expressly admitted the existence of the appellees' judgment against said Helming. Still later the plaintiffs herein brought this action to partition the lands in question, and made the appellant a party defendant. He answered, claiming his right to the interest of John Helming in said land, and asking that it be established in him.

While the appellant has favored us with an extended argument covering many propositions which would be of interest were they involved in the case, we think there is but one question for determination, and that is whether the appellees have personal judgments against John Helming. If they have, they became liens upon his interest in the estate of his mother at once upon her death, and they can be enforced by execu-

1. BANKRUPTCY:
priority of
judgment lien.

tion notwithstanding the adjudication in bankruptcy in Montana, which, as we have said, was in 1904, about eight years after the judgments were rendered and more than a year after they became liens on his interest in the land left by his mother.    Whatever right the appellant as trustee would have must be based on section 67f of the bankruptcy act (Act July 1, 1898), and the Supreme Court of the United States has decided that a trustee in bankruptcy has no right thereunder superior to a valid lien obtained more than four months prior to the filing of a petition in bankruptcy against an insolvent debtor.    *Metcalf Bros. & Co. v. Barker,* 187 U. S. 165 (23 Sup. Ct. 67, 47 L. Ed. 122); *Pickens v. Roy,* 187 U. S. 177 (23 Sup. Ct. 78, 47 L. Ed. 128).    And see, also, Current Law, 1390, and cases cited.

The appellees' judgments were based upon the firm indebtedness of Helming & Riley, a copartnership consisting of John Helming and Wm. H. Riley; but they were rendered against the firm and the individual members thereof, and became liens upon any real estate or interest therein subsequently acquired by either member of the firm.    By some oversight of the clerk the complete judgment record did not clearly recite that judgment was rendered against the individuals, and the same was corrected without notice to the judgment defendants, and a *nunc pro tunc* entry was ordered.    The judgments were, in fact, rendered against the individuals on proper and sufficient notice and on sufficient pleadings.    They could not, if present, successfully resist the application for a correction of the complete record to make it conform to the judgments rendered, and in such cases it seems to be the general rule that notice is not required, for the correction is nothing more than a formal matter.    23 Cyc. 879; Black on Judgments (1st Ed.) 134; 17 Am. & Eng. Enc. Law, 818. Furthermore, the appellant expressly admitted in his intervention in the injunction suit the recovery of the judg-

2. JUDGMENTS: correction of record: notice.

ments against John Helming. He should not now be heard to the contrary.

The appellant also contends that there should be a different distribution of the fund if he is not permitted to have it; but with this he has no concern.

The judgment is *affirmed*.