## In re TOMLINSON.

(District Court, E. D. New York. January 26, 1912.)

1. BANKRUPTCY (§ 217*)—PROPERTY OF BANKRUPT—RESTRAINING PROCEEDINGS IN STATE COURT.

A federal District Court sitting in a voluntary bankruptcy proceeding can restrain suit in a state court brought by the trustee of another bankrupt to compel the particular bankrupt to return property received from the other bankrupt as a preference, and can order the state suit to be limited to the enforcement of rights not within present control of the federal court, such as the particular bankrupt's personal liability for any tort committed by him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 217.*]

2. BANKRUPTCY (§ 211*)—SCHEDULES—CLAIMS—MOTION TO STRIKE.

The trustee of the other bankrupt is not entitled to have his claim stricken from the schedules in the particular proceedings, since no prejudice can result to him, however his suit in the state court may end.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 211.*]

In re William T. Tomlinson, Bankrupt.  On motion to vacate a restraining order and to strike a claim from the schedules.  Order modified.  Motion to strike denied.

Leon Dashew, for trustee.
Burnstine & Geist, for bankrupt.

CHATFIELD, District Judge.  [1] This is a voluntary proceeding in bankruptcy.  Schedules have been filed setting forth the claim of one Norman E. Knibbs as trustee of Gustave F. Becherer, bankrupt. This claim is for the value of a horse and wagon delivered to Tomlinson by Becherer while Becherer was insolvent and within four months of the time when a petition in bankruptcy was filed against said Becherer.  The papers sufficiently show that Tomlinson was a creditor of Becherer, and that the delivery to him of the horse and wagon was equivalent to a preferential payment of his debt.

Starting with the language of section 60, cls. "a" and "b," of the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 562 [U. S. Comp. St. 1901, p. 3445]), it may be assumed for the purpose of this motion that the payment in question was voidable by the trustee of Becherer, and that the property or its value could be recovered from Tomlinson, if Tomlinson had reasonable cause to believe that he was getting a preference from an insolvent debtor.

This particular horse and wagon, or its proceeds, being a part of the bankruptcy estate of Tomlinson, the trustee of Becherer could prove a general claim in bankruptcy, or he could apply to this court for the delivery of the specific articles, or he could bring an action under section 60 of the bankruptcy statute, either in this court or in a state court having jurisdiction against the trustee in bankruptcy. He might also bring an action against the bankrupt for any fraud or tort not dischargeable in bankruptcy and not provable unless the tort be waived.  If his action had been brought against Tomlinson before the bankruptcy proceedings were instituted, that action could be properly stayed under the provisions of section 11 of the statute unless based on tort.  If based upon a tort, or if the state court had acquired jurisdiction over the parties and possession of the property (or a specific lien thereon more than four months prior to the bankruptcy), then such an action could not be stayed before its complete determination.  Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122.  On the other hand, if the property be in the hands of the estate of Tomlinson, and recovery of that property is sought by replevin or by an action in equity, or by motion in the bankruptcy proceedings, the possession and custody of the property would determine that the United States court had sole jurisdiction.  In re Russell & Birkett, 101 Fed. 251, 41 C. C. A. 325, where the court says:

"A federal court will neither interfere with property in the lawful custody of a state court, nor tolerate interference by a state court with property in its custody."

In Metcalf v. Barker, supra, 187 U. S. at page 175, 23 Sup. Ct. at page 71, 47 L. Ed. 122, it is said:

"It is well settled that, where property is in the actual possession of the court, this draws to it the right to decide upon conflicting claims to its ultimate possession and control."

In the present case the trustee of Becherer began an action against Tomlinson before the voluntary petition was filed by Tomlinson to recover the value of the horse and wagon. Upon affidavits showing that the action was one apparently brought to set aside the preferential payment and to recover that payment or its value, this court made an order temporarily restraining the prosecution of the claim involved in that suit except in bankruptcy. The present application is to vacate that restraining order, and also to strike the name of Knibbs as trustee of Becherer from the schedules of Tomlinson.

The trustee of Becherer alleges that his claim is not dischargeable in bankruptcy, and he argues therefrom that it is not provable, and insists that it is based upon a tort. The language of the complaint which has been submitted would seem to bring the claim squarely under the provisions of section 60, by which a preferential payment is declared fraudulent as to other creditors and thereby made voidable, and it is difficult to see what other tort is set forth therein. The action is against the bankrupt, and under the provisions of section 11b the trustee of Tomlinson might be allowed to take up the defense in the bankrupt's place, if the estate be affected thereby. It appears that a demurrer was interposed in the Municipal Court, under which certain objections were raised to the title of the action, which does not show that the plaintiff Knibbs was suing as trustee. This latter defect seems to have been cured later in the pleading. and the decision of the Municipal Court is not only conclusive, but seems to have been correct in holding that, if the action be to recover damages for the commission of a tort, then the Municipal Court had jurisdiction. On the other hand, if the suit be for replevin, or be in equity to set aside the transfer as fraudulent and preferential, and to compel the return of the property, or its value, if the property be not in existence, then this court would seem to have jurisdiction to restrain any action which affects the property in this court's possession, or which has been commenced since adjudication in bankruptcy. Metcalf v. Barker, supra, and Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128. It would not have jurisdiction to restrain an action against Tomlinson personally for whatever tort might have been committed by him, if any could be shown. Following the analogy of the Russell & Birkett Case, supra, it would seem that this court has not jurisdiction to restrain a creditor from seeking to prove that the acceptance of a preferential payment can be made the basis of an action for tort as well as for a suit under the bankruptcy statute to recover preferential payments.

If the trustee of Becherer should be successful in the Municipal Court in recovering a judgment against Tomlinson upon the theory of a tort, he would still be compelled to sue the trustee in bankruptcy or to proceed in this court upon his claim. The judgment in the tort action will not be binding upon this court, and, even if the trustee of Becherer shall recover that judgment against Tomlinson, it may happen that no claim will be made by him during the period within

which the Tomlinson estate will be administered, or within which claims against that estate can be proven. This court has not jurisdiction to determine for the Municipal Court of the city of New York whether or not the complaint in question can be used for the maintenance of an action sounding in tort against Tomlinson. In re Empire Construction & Supply Co., 166 Fed. 1019, 92 C. C. A. 666. But there is no reason why the plaintiff to that action, who may be a creditor of the bankrupt estate, should not be ordered by this court to limit his proceedings in the Municipal Court to the enforcement of such rights as are not within the present control of this court, and which will have to be ultimately adjudicated therein.

[2] In so far, however, as the present motion seeks to strike the name of the trustee of Becherer from the schedules as a creditor, the motion should be denied. If the estate be distributed in bankruptcy, the recital in the schedules will not prejudice the trustee of Becherer, and particularly if his claim be not dischargeable.

The motion to vacate the restraining order should be granted to the extent of modifying the order so as to restrain the action only in so far as it may attempt to seek the recovery of property in the possession of the trustee, or to liquidate damages against that estate.