*56 Vroom.*                 Reeve v. Kernan.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ.   12.

*For reversal*—None.

---

FREDERICK G. REEVE, PLAINTIFF AND APPELLANT, v. OWEN KERNAN, DEFENDANT AND RESPONDENT.

Submitted December 8, 1913—Decided March 16, 1914.

1. Where a sub-contractor filed with a referee in bankruptcy of a District Court of the United States his claim against a bankrupt contractor alleging it to be a "preferred claim by reason of a stop notice served pursuant to section 3 of the Mechanics' Lien law of the State of New Jersey" (*Comp. Stat., p.* 3294), and it is allowed as such, and the trustee in bankruptcy demands and receives of the owner of the building the amount owing by the owner to the bankrupt contractor, the bankruptcy court acquires jurisdiction of the claim, and such sub-contractor cannot deprive such bankruptcy court of such jurisdiction by subsequently attempting to withdraw such claim and bringing suit thereon in a state court.
2. Section 3 of the Mechanics' Lien law (*Comp. Stat., p.* 3294) provides that the owner shall pay "on being satisfied of the correctness" of the sub-contractor's demand in his stop notice, and hence, on trial, the sub-contractor, to recover against the owner, must show either the expressed satisfaction of the owner, or produce evidence of facts and circumstances from which it may be legitimately inferred that he was satisfied.

---

On appeal from a judgment of the Camden County Circuit Court.

For the appellant, *Harry H. Whaland* and *Howard L. Miller.*

For the respondent, *Stackhouse & Kramer.*

The opinion of the court was delivered by

TRENCHARD, J.    This is the plaintiff's appeal from a judgment entered upon a nonsuit.

The action was on a stop notice under section 3 of the Mechanics' Lien law (*Comp. Stat.,* p. 3294), and was brought and tried in the Camden County Circuit Court.

At the time the nonsuit was ordered the pleadings, evidence and admissions of counsel exhibited the following matters of fact, among others: Kernan, the defendant, had as owner, a contract with Graw & Company for the erection of a building in Camden. The contract was dated September 19th, 1911, and was duly filed in the Camden county clerk's office. Graw & Company sub-contracted the bricklaying to Reeve, the plaintiff, for $1,985.02. Reeve was paid by Graw & Company $1,053.38 on account thereof. Early in April, 1912, there being other moneys due on account of the sub-contract, Reeve asked Graw & Company "for the money," stating no definite amount, and not being paid, served a stop notice for $931.64 on Kernan. Nothing further was done until early in October, 1912, when Graw & Company was adjudicated bankrupt by the District Court of the United States for the District of New Jersey, and a trustee in bankruptcy was appointed. On October 29, 1912, Reeve filed a claim with the referee in bankruptcy for $931.64, alleging it to be a "preferred claim" by reason of such stop notice, and on October 30th, 1912, it was allowed as such by the referee. The trustee in bankruptcy then demanded and received of Kernan $1,234.46, the balance due from him as owner to Graw & Company, the original contractor. Thereafter Reeve withdrew, or attempted to withdraw, his claim from the referee in bankruptcy, and still later began this suit in the Camden County Circuit Court.

We think the nonsuit was justified.

The rule to be gathered from the cases is that where, as here, a sub-contractor files with a referee in bankruptcy of a District Court of the United States his claim against a bankrupt contractor, alleging it to be a "preferred claim by reason

of a stop notice served pursuant to section 3 of the Mechanics' Lien law of the State of New Jersey (*Comp. Stat., p.* 3294), and it is allowed as such, and the trustee in bankruptcy demands and receives of the owner of the building the amount owing by the owner to the bankrupt contractor, the bankruptcy court acquires jurisdiction of the claim, and such subcontractor cannot deprive such bankruptcy court of such jurisdiction by subsequently attempting to withdraw such claim and bringing suit thereon in a state court. *In re MacDougall,* 23 *Am. B. R.* 762; *In re Foundry and Machine Co.,* 17 *Id.* 291; *In re Antigo Screen Door Co.,* 10 *Id.* 359; *In re Durham,* 8 *Id.* 115; *In re San Gabriel Sanatorium Co.,* 1 *Id.* 206; *In re Huston, Id.* 92; *Pickens* v. *Roy,* 187 *U. S.* 177; *Metcalf* v. *Barker, Id.* 175; *In re Rochford,* 10 *Am. B. R.* 610.

Such in effect was the ground upon which the trial judge rested the nonsuit.

The plaintiff's argument is that he was entitled to go into both courts with his claim and to prove it as a general debt against the contractor and a special one against the fund. But that is not what he undertook to do. He asked the bankruptcy court to determine that it was a "preferred claim" (against the balance in the owner's hands), because of his stop notice, and it does not seem to be disputed that the bankruptcy court had jurisdiction. It is no answer to say that the suit under section 3 of the Mechanics' Lien law is against the owner. An owner may bring an interpleader by paying over the fund into court. That is what this owner did. He knew Graw & Company's creditors were entitled to this money. It was demanded by, and he properly paid it to, the trustee in bankruptcy in view of the sub-contractor's claim before him. Having paid the money into the bankruptcy court, he is not concerned in nor affected by the subsequent attempt of the sub-contractor to withdraw his claim.

We are also of the opinion that the nonsuit may be supported upon another ground.

In view of the just rights of the contractor, section 3 of the Mechanics' Lien law (*Comp. Stat., p.* 3294) provides that

the owner shall pay "on being satisfied of the correctness" of the sub-contractor's demand in his stop notice, and hence on trial, the sub-contractor to recover against the owner must show either the expressed satisfaction of the owner, or produce evidence of facts and circumstances from which it may be legitimately inferred that he was satisfied. *Reeve* v. *Elmendorf,* 9 *Vroom* 125.

Tested by that rule the plaintiff was properly nonsuited. There was no attempt made to show the expressed satisfaction of the owner. So far from producing evidence of facts and circumstances from which the owner's satisfaction might be legitimately inferred the evidence was to the contrary. There was a controversy, of which the defendant had knowledge, over the plaintiff's defective workmanship, which had resulted in an injury to an adjoining owner's property, for which such adjoining owner had obtained a judgment against the original contractor which was still outstanding.

Having found abundant grounds for the nonsuit it will serve no useful purpose to examine the other reasons urged in support of it.

The judgment will be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, HEPPENHEIMER, JJ. 13.

*For reversal*—None.