## In re HOUTMAN.

(District Court, E. D. New York. January 16, 1923. On Motion for Stay or Reargument, February 19, 1923.)

Bankruptcy ⪼200(3)—Suit to enforce judgment in suit in which attachment was levied more than four months before bankruptcy would not be stayed.

More than four months before petition in bankruptcy was filed, a creditor sued the bankrupt, and attached in such action real property which the bankrupt had theretofore conveyed to his wife. In such action judgment was recovered within four months of filing petition in bankruptcy. After obtaining judgment, the creditor began an ancillary creditor's action to enforce the lien acquired by the attachment. *Held*, that the bankruptcy court would not grant motion of other creditors, or of the bankruptcy trustee, for an order staying the prosecution of the creditor's action, as the lien acquired in the first action survived, for the purpose of allowing the creditor to rely on its existence as taking the case out of the bankruptcy court.

In Bankruptcy. In the matter of Aaron H. Houtman, bankrupt. On motions for order staying proceedings in state court. Motions denied.

Frederick S. Martyn, of Brooklyn, N. Y., for trustee petitioner.

J. Leon Israel, of New York City, for petitioning creditors.

Neil P. Cullom, of New York City (Hobart S. Weaver, of New York City, of counsel), for Coal & Iron Nat. Bank.

GARVIN, District Judge. The petitioning creditors herein apply for an order staying the prosecution of an action pending in the Supreme Court of the state of New York. Some months before the petition in bankruptcy herein was filed, the Coal & Iron National Bank brought suit against the bankrupt and attached in that action real property which the bankrupt had theretofore conveyed to his wife. After obtaining judgment the bank began an ancillary creditor's action to enforce the lien acquired by the attachment. The judgment in the first action was recovered within four months of the petition in bankruptcy; in fact, after the petition was filed. The question to be determined is whether the lien which bankruptcy may defeat is the lien created by the attachment or by the judgment. This seems to be settled by Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, and Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128, and I can reach no other conclusion than that I have no power to stay the action in the state court.

Motion for stay denied.

## On Motion for Stay or Reargument.

Two motions have been argued together, one a reargument (by permission) of a motion by petitioning creditors for a stay of an action pending in the Supreme Court, Kings County, brought by a judgment creditor of the bankrupt to set aside a conveyance of real property by the bankrupt herein to his wife, which motion was denied, and the

other a motion by the trustee in bankruptcy herein for a similar stay, or, in the alternative, for leave to the trustee to reargue the said motion of petitioning creditors.

The facts appear in a recent opinion of this court, filed January 16, 1923. The reargument is sought upon the ground that the attention of the court was not called to the fact that under the laws of the state of New York an attachment against property held by third parties does not create a lien within the purview of the Bankruptcy Act, and that the judgment alone creates the lien and gives the right to set aside conveyances. The motion by the trustee is upon the theory that the denial of the motion by petitioning creditors is not binding upon him for three reasons: (1) The grounds upon which that motion was made are different from those upon which he now moves; (2) the question then decided is not presented by the trustee in his pending motion; (3) the trustee was not appointed when the first motion was made and decided.

Thus the petitioning creditors deny the validity of any lien under the attachment, while the trustee admits the validity of the lien, but contends that any suit to set aside a transfer of property by the bankrupt must be brought in the name of the trustee. All questions are properly raised by the trustee, as he was not a party to the motion by the petitioning creditors and was not bound thereby.

In arriving at a determination of the questions involved, it will be helpful to consider the Bankruptcy Law (Comp. St. §§ 9585–9656), the reasons for its enactment, the rights created thereby, and its applicability to the facts of the instant case. The law is designed to permit an honest debtor to escape continued annoyance at the hands of insistent creditors and to start anew in business without the onus of debts, the payment of which is impossible. It is also intended to prevent a dishonest debtor from transferring a part or all of his property and thereby avoid the payment of his lawful obligations. The latter purpose, quite as important as the former, is accomplished by providing that a transfer of property by the bankrupt within four months of the bankruptcy may be avoided by the trustee under certain conditions. The trustee may also avoid any transfer by the bankrupt if it is fraudulent, unless rights, other than those of a collusive transferee, are involved.

The four months period was established in order to fix a limit within which a petition in bankruptcy might be filed after a transfer. This is a reasonable interval within which to require a creditor, who is looking after his claim and the financial condition of his debtor, to institute bankruptcy proceedings. The Bankruptcy Law was not intended to take away from creditors all methods of prosecuting their claims, except in bankruptcy. On the contrary, a creditor may bring suit, recover judgment, levy on defendant's property, and may collect and retain the amount of the judgment, unless bankruptcy proceedings are instituted within four months, as provided in section 3b of the Bankruptcy Act. Thus a creditor who is prompt in action, diligent in prosecution, and successful in effort will not go unrewarded, where no effort is made to institute bankruptcy within four months.

In the case at bar, there is nothing to indicate that any of the creditors of the bankrupt when the petition in bankruptcy was filed were also creditors when plaintiff obtained its attachment in 1921. If they were not creditors, they suffered no prejudice by the attachment. If they were creditors, they should have instituted bankruptcy proceedings at once. The lien acquired by the plaintiff was for the purpose of enabling it to ultimately secure the property covered thereby, if successful, first, in recovering a judgment; and, second, in the judgment creditor's action to be brought later (and which is now pending) to set aside the conveyance by the bankrupt. Petitioning creditors claim that the attachment is invalid. If the New York Supreme Court so decides, this court will at once recognize such a decision and give it full force and effect. An attempt has recently been made to secure a dismissal of the action to set aside the transfer. The motion to dismiss has been denied, the court holding that the court had jurisdiction of the action, that plaintiff had legal capacity to sue, and that complaint stated facts sufficient to constitute a cause of action. The court there held that the plaintiff is not seeking to maintain the action solely upon the judgment which it recovered against the bankrupt, but also upon a lien which it put upon the property through the attachment. This is in effect holding that these suits by the plaintiff and the attachment are all part of one effort by legal proceedings to prevent the bankrupt from preventing collection of an indebtedness unquestionably existing by a fraudulent transfer of his property.

It is true that Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122, and Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128, do no more than hold that, if suit is brought and defendant's property attached more than four months prior to bankruptcy, even though the judgment was recovered within the four months, the trustee acquires no rights superior to those of the attaching creditor. The clear effect of this decision is to protect any creditor who promptly institutes legal proceedings and obtains a lien on property of his debtor, without bankruptcy proceedings being commenced within four months. There would be no object in a creditor displaying such unusual diligence and quite remarkable persistence, under the advice of able and experienced counsel, as the instant case has disclosed, if such efforts were to go for naught. There was no reason for the first action, unless the second was to follow, and so I think it fair to hold, within the spirit of Metcalf v. Barker, supra, that a lien acquired in the first action survives for the purpose of allowing a plaintiff to rely upon its existence as taking the case out of the bankruptcy court, under the principle of the Metcalf Case, and so to have the right to bring a suit to set aside the transfer.

It is manifest that, if the transfer is set aside, the trustee may secure the balance of the proceeds after plaintiff's claim is paid, by applying for leave to intervene in that action.

Both motions are denied.