## In re VADNER.

(Circuit Court of Appeals, Ninth Circuit. February 28, 1927.)

No. 4939.

1. **Bankruptcy ⚖⇒446(5)—It will not be assumed that referee's statement and decision alone was considered by District Court, in absence of certification of record (Bankruptcy Act, § 39 [5], being Comp. St. § 9623; General Order XXVII).**

Where referee, on petition for review of his order declining jurisdiction by summary proceedings, did not make up and certify to District Judge record contemplated by Bankruptcy Act, § 39 (5), being Comp. St. § 9623, and General Order XXVII, it cannot be assumed that referee's statement and decision, setting forth some of reasons for his action, was alone considered by District Court.

2. **Bankruptcy ⚖⇒288(6)—Bankrupt's divorced wife, obtaining title under state decrees, and her executor, held "adverse claimants," whose rights cannot be adjudicated in summary proceedings.**

Where bankrupt's divorced wife was acting within her rights in proceedings in state court, whereby she acquired lien on husband's real estate and had deeds thereto set aside, and thereafter obtained title at judicial sale, both she and her executor were such "adverse claimants" as precluded bankruptcy court's jurisdiction in summary proceedings for purpose of requiring executor to deliver possession of real estate to trustee.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Adverse Claimant.]

3. **Bankruptcy ⚖⇒288(16)—Presenting or opposing claims against bankrupt held not submission for adjudication of rights in property asserted by trustee in summary proceedings.**

General appearance by bankrupt's divorced wife, for purpose of presenting and opposing claims, *held* not a submission for adjudication in summary proceedings of bankrupt's right to possession of certain real estate secured by wife, pursuant to sale under state court decree.

Petition for Revision, in Matter of Law, an Order of the District Court of the United States for the District of Nevada.

In the matter of the bankruptcy of Charles S. Vadner. An order of the District Court sustained the referee's order declining jurisdiction of summary proceedings to direct the executor of the estate of Agnes R. Vadner to deliver to the trustee the possession of certain real estate, and the bankrupt and Arthur F. Lasher, as trustee, petition to revise. Petition denied.

See, also, 259 F. 614.

Milton Newmark and Charles A. Strong, both of San Francisco, Cal., for petitioners.

E. A. Walton, of Salt Lake City, Utah, for respondent.

17 F.(2d)—46

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. This is a petition, brought under section 24b of the Bankruptcy Act (Comp. St. § 9608), to revise, in matter of law, an order entered by the District Court on June 8, 1926, denying a petition to review, and sustaining, an order theretofore made by the referee, declining jurisdiction by summary proceedings to direct the executor of the estate of one Agnes R. Vadner to deliver to the trustee possession of certain real estate in Salt Lake City, described as a two-thirds interest in the Vadner Terraces. The executor resides in Utah, and is acting under appointment from a court of that state. While in the petition to the referee, the petition for review presented to the District Judge, and the petition here, verified by the bankrupt alone, the trustee is joined with the bankrupt, it is fairly to be inferred that the whole proceeding, from the beginning, has been primarily for the benefit of the latter, in an effort to defeat the rights of his wife, rather than in the interest of his creditors, if any he has. In re Vadner (D. C.) 259 F. 614, 635.

By the petitioners the question of law for review is stated to be whether a bankruptcy court has jurisdiction, by summary proceedings, upon an order to show cause, to determine an asserted adverse claim to real estate in a case where the property was not in the possession of the adverse claimant when the bankruptcy proceedings were instituted, but was in the possession of a third party, holding for the bankrupt, and where such claimant had filed a claim in the bankruptcy proceeding, and had participated actively in such proceedings.

[1] But, even if it could be held that it is sufficiently explicit to admit of categorical answer, we do not find that the record exhibits such a question. No findings or even opinion of the District Judge is brought up. If, on the petition for a review of the referee's order, he had made up and certified to the District Judge such a record as is contemplated by the Bankruptcy Act, § 39 (5), being Comp. St. § 9623, and General Order XXVII, we might presume that it was the basis of the court's order. But the transcript contains no such record. We have what is denominated the referee's "statement and decision," setting forth some of the reasons for his action, but in the absence of other showing we cannot assume that it alone was considered by the court. In re Pettingill & Co. (C. C. A.) 137 F. 840. If in the most fa-

vorable view to petitioners we treat this as the basis in fact for both the order of the referee and of the District Judge, clearly we must exclude from consideration other papers found in the transcript, the only purpose of which is evidentiary. Neither by the referee nor the judge are they certified as constituting all or any part of the proofs considered.

If, then, we resort to the referee's statement and decision, and to it alone, we find that the petitioners predicate the major part of their argument upon this language used by the referee: "That is the question here: Is respondent's claim of right merely colorable or frivolous?" But upon examination it will be seen that he was at that point discussing but one branch of the case, namely, whether, to be exempt from a summary proceeding, it is necessary for a claimant to have only a colorable and frivolous claim, or whether he must have a right valid both in fact and in law, or whether he must and need only assert a claim in good faith, which, though possibly invalid, is reasonably debatable.

From his recital of the facts, purporting to be disclosed largely by the records of a labyrinth of litigation between Agnes R. Vadner and the bankrupt, to much of which the trustee was a party under express authority from the bankruptcy court, it appears, not only that the trustee has never had possession of the property, but at the time the bankruptcy proceedings were instituted, December 12, 1917, the bankrupt neither had possession nor legal title; that more than two years prior thereto he had conveyed the property to his mother, who in turn had transferred the same to the Basic Funds Company, a corporation under her control. Upon learning of such conveyance by her husband, Agnes R. Vadner commenced in a court of competent jurisdiction of Utah a suit for separate maintenance, which, prior to bankruptcy, resulted in a decree in her favor, declaring the award therein to be a lien on the property in question. In another suit in the state court she procured a decree, nine days before the filing of the bankruptcy petition, establishing in her favor a lien for $8,975, relating back to 1905, on the bankrupt's interest in this property. A few days after bankruptcy proceedings were begun the Utah court appointed a receiver to take charge of the property, and, subsequently intervening, the trustee expressly confirmed and ratified "all the proceedings had and taken."

Without attempting to unravel the tangled skein of litigation ensuing, it is necessary only to say that defeating the bankrupt, and the trustee, who intervened in the state court and also brought suit in the federal court in Utah, and in the federal court in Nevada, she was successful in having the deed to his mother and the latter's deed to the corporation set aside, in annulling a decree of divorce procured by the bankrupt in Nevada, and in herself procuring a divorce, with a provision awarding to her the custody of her children, and in having the decrees declaring liens in her favor executed by a sale of the property in question, pursuant to which she acquired title, which upon her death passed to the respondent as her executor, who is now in possession.

Referring to what, in the transcript, purports to be an interlocutory judgment in one of the suits in the Utah court, dated May 3, 1918, reserving the issue between the trustee and Agnes Vadner, petitioners at the oral argument conceded that, if subsequently that issue was decided against the trustee, they have no standing. It is not to be supposed that the court failed to make final disposition of the case, and it may be assumed that if, upon that issue, the judgment was for the trustee, he would not have thought it necessary to bring this proceeding. Besides, upon the evidence before him, but not before us, the referee found that the state court held "finally that the wife's right of alimony and in the bankrupt's property were prior and superior to the rights of the trustee in bankruptcy. Judgment was given accordingly and foreclosure ordered."

[2] As seems to have been held by the federal court in Utah and in Nevada, Agnes R. Vadner was acting within her rights in the proceedings in the state courts, and that both she was, and her executor is, an adverse claimant in contemplation of law we entertain no doubt. In re Rathman (C. C. A. 8th) 183 F. 913; Connable v. Marxen (C. C. A. 9th) 15 F.(2d) 193; Robinson v. Kay (C. C. A. 9th) 7 F.(2d) 576; In re Marquette (C. C. A. 2d) 254 F. 419; Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; Taubel, etc., v. Fox, 264 U. S. 426, 44 S. Ct. 396, 68 L. Ed. 770.

[3] As to the contention that respondent's testatrix made a general appearance in the case, and presented claims for allowance, and opposed other claims, it need only to be said that appearance for such purpose is not a

submission for adjudication of the subject-matter of this proceeding. Pickens v. Roy, 187 U. S. 177, 180, 23 S. Ct. 78, 47 L. Ed. 128.

The petition for revision will be denied.