## In re VAN BLOKLAND.

District Court, D. Oregon. June 6, 1927.

No. 10538.

Bankruptcy ⟾217(3)—Court will not, on petition of voluntary bankrupt, enjoin sale of real estate under state judgment rendered more than four months prior to bankruptcy, pending appeal therefrom.

A court of bankruptcy, even if it has the authority, will not, on petition of a voluntary bankrupt, enjoin a sale of real estate under judgment of a state court rendered more than four months prior to the bankruptcy, and confirming an attachment lien, pending an appeal from the judgment, and thus operating as a supersedeas.

In Bankruptcy. In the matter of Andrew Van Blokland, bankrupt. On petition of A. H. Lea and others to review an order of the referee. Order vacated.

Robert S. Eakin, of La Grande, Or., for bankrupt.

Nichols, Hallock & Donald, of Baker, Or., for trustee.

Cochran & Eberhard, of La Grande, Or., for Lea and others.

BEAN, District Judge. The matter is before the court on the petition of A. H. Lea and others to revise an order made by the referee to enjoin the petitioners from making a sale of certain real estate of the bankrupt under an execution issued on a judgment in favor of Lea and against the bankrupt in the state court.

The facts are that on September 15, 1924, Lea commenced an action in the state court against Van Blokland to recover money, and caused his real estate to be attached. Thereafter such proceedings were had in the action that on June 1, 1926, a judgment was rendered in favor of Lea and against Van Blokland for $17,500, and an order entered for the sale of the attached property. An appeal was taken from this judgment by Van Blokland and is still pending, but without a supersedeas bond.[1] On February 3, 1927, execution was issued on the Lea judgment, and the attached property advertised to be sold on March 12, 1927. On March 11th Van Blokland was adjudged a bankrupt on his own petition. Thereafter, and on May 3, 1927, the referee, on petition of the trustee, issued an injunction restraining the sale under the Lea judgment, until such time as the pending appeal shall be determined.

It is doubtful whether a referee has authority to issue an injunction restraining proceedings in the state court pending at the time of the filing of the petition. See General Order No. 12; 2 Collier (13th Ed.) p. 1811; Loveland on Bankruptcy, 214; 1 Collier (13th Ed.) 951. But, passing that question, the injunction in this case was erroneously issued. Lea's lien was acquired by attachment in September, 1924, and was confirmed by judgment in June, 1926, each of which was more than four months prior to the filing of petition in bankruptcy. The state court had thus acquired jurisdiction, and the lien was not affected by the bankruptcy proceedings. Metcalf v. Barker, 187 U. S. 165; 23 S. Ct. 67, 47 L. Ed. 122; Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128; In re Gillette Realty Co. (C. C. A.) 15 F.(2d) 193; Loveland on Bankruptcy, 167.

If the bankruptcy court has authority to enjoin the enforcement of such a judgment, it ought not to be exercised merely because the judgment debtor has, on its own petition, been adjudged a bankrupt. In fact, the adjudication should not be made to serve the purpose of a supersedeas bond.

The order of the referee is therefore vacated.

---

[1] See 257 P. 801.