In re BARTLETT OIL & GAS CORPORATION et al.

No. 1262.

District Court, N. D. Oklahoma.
Oct. 29, 1930.

J. C. Pinkerton, Jr., and Hess Crossland, both of Tulsa, Okl., for First Nat. Bank & Trust Co. of Tulsa, Okl.

Hughes & Ellinghausen, of Sapulpa, Okl., for Bovaird Supply Co. and Bovaird & Irvine, Inc.

Lashley & Rambo, of Tulsa, Okl., for Theo. G. Lashley and Clara I. Hammer.

A. B. Honnold, of Tulsa, Okl. (L. O. Lytle, of Sapulpa, Okl., of counsel), for receiver in bankruptcy.

KENNAMER, District Judge.

The Bartlett Oil & Gas Corporation, organized under the laws of the state of Delaware, and the Bartlett Development Syndicate No. 1, were adjudicated bankrupts upon their voluntary petition October 9, 1930. Prior to the adjudication, on the 15th day of February, 1930, L. O. Lytle, owner of $11,000 worth of par value of the preferred stock of the Bartlett Oil & Gas Corporation, instituted in the state district court of Creek county, Okl., an action against the bankrupts herein. The complaint by Lytle in the state court alleged the fraudulent transfer of a large portion of the properties of the defendant companies to Theodore G. Lashley, Clara I. Hammer, and H. U. Bartlett, managing officers and trustees of said corporation and syndicate, and a general dissipation of the assets of said companies, which greatly depreciated the value of his stock in said com-

panies. The complainant asserted that the companies were indebted to him upon a contract for attorney's fees in the sum of $30,000, and prayed judgment of the court for $30,000 due him as attorney's fees, with interest, and a decree requiring Clara I. Hammer, H. U. Bartlett, and Theodore G. Lashley to convey back to the Bartlett Development Syndicate No. 1 all of the property conveyed to them, and for a hearing on his application for receivership, and all other relief to which he may be entitled either at law or in equity.

Bovaird & Irvine, Inc., instituted an action against the bankrupts herein in the district court of Creek county, in which it was charged that the defendants were indebted on account of certain goods, wares, and merchandise sold and delivered by the plaintiff to the defendants; further alleging that certain property had been conveyed by the bankrupts to their trustees, describing the property in the petition, reciting the existence of numerous creditors, and that the conveyance by the bankrupts to their trustees was an attempt to defraud creditors; and prayed for judgment against the bankrupts upon the account, and for restraining orders against the trustees from selling or disposing of the property, and for an order compelling the trustees to reconvey the property to the bankrupts, and that a receiver be appointed to take charge of the properties.

A similar action in the district court of Creek county, Okl., was instituted by the Bovaird Supply Company, in which it was sought to recover a judgment upon a promissory note, and reciting the same allegations with respect to the transfer of property and seeking the same relief as in the petition filed by Bovaird & Irvine, Inc.

Thereafter, by proper motion, the actions instituted by Lytle, Bovaird & Irvine, Inc., and the Bovaird Supply Company were consolidated.

The First National Bank & Trust Company of Tulsa, Okl., intervened in the cause, praying judgment upon a promissory note and seeking foreclosure of a mortgage. The foreclosure petition also alleged the existence of a contract for the conveyance of the properties by the bankrupts to their trustees, and joined the other claimants in the application for the appointment of a receiver and for a cancellation of the instruments of conveyances executed by the bankrupts to the trustees.

Thereafter, and on the 24th day of February, 1930, upon the petitions, D. H. McMasters was appointed receiver by the district court of Creek county, Okl., but no findings were entered by the court in the order of appointment, but only a general finding was made that a receiver should be appointed of the assets and properties of the bankrupts. The receiver qualified under the order of appointment and took possession of the assets and properties of the bankrupt companies.

Thereafter, on the 19th day of June, 1930, upon the trial of the cause the court entered judgment in favor of the plaintiff L. O. Lytle for the sum of $26,833, with interest; for the First National Bank & Trust Company of Tulsa, Okl., in the sum of $5,720, with interest, $582 attorney's fees, and for the sum of $30,000, together with interest, and $3,000 attorney's fees, and decreeing a foreclosure of the mortgage of said complainant; decreeing the Bovaird Supply Company entitled to judgment in the sum of $7,820.70, with interest, and $782.07 attorney's fees; and decreeing Bovaird & Irvine, Inc., entitled to judgment in the sum of $2,970.07, with interest.

Thereafter, on the 15th day of September, 1930, upon the motion of all of the claimants the court ordered the receiver to sell all the properties of said companies, or such portion or portions thereof as may be necessary, to pay the amounts due and owing to the judgment creditors, and costs herein, the properties consisting of fee lands, leasehold estates for oil and gas, interest in oil, gas, and minerals, and other materials and supplies. Pursuant to the order the receiver advertised all of said properties to be sold on the 30th day of October, 1930.

Upon the adjudication of the bankrupts herein an order was entered appointing a receiver in bankruptcy to take charge and possession of the assets of the bankrupts and conserve the same until the election of a trustee by the creditors.

This matter is before the court upon a motion filed by the parties in the state court action, excepting L. O. Lytle, who obtained judgments upon their claims, by which they seek in this court a modification of the order appointing the receiver in bankruptcy so as to eliminate therefrom the order directing the receiver to take charge and possession of the assets of the bankrupts.

It is contended by the movants that under the petition and the various intervening petitions filed in the state court whereby a receiver was appointed to take charge of the property of the bankrupts that the action of the state court amounted to a levy or equitable attachment upon the assets of the bankrupts,

and that the receiver appointed in bankruptcy could not interfere with possession of the state court receiver. It is insisted on behalf of the receiver in bankruptcy that the Bankruptcy Act (11 USCA) vests in the federal court complete jurisdiction over all properties of a bankrupt, and that in such instances no comity exists, as there is not a concurrence of jurisdiction; the Bankruptcy Act giving exclusive jurisdiction in such matters to the federal court. It is further contended in the present case that no equitable liens attach under the seizure of the receiver appointed by the district court of Creek county, Okl., and that the property was subject to the exclusive control of the bankruptcy court.

■ An inspection of the pleadings in the state court case discloses that the original petition filed by Lytle sets up that he is a stockholder as well as a creditor, and seeks a setting aside of certain conveyances which he alleges to be to his damage and injury as a stockholder, and to his loss as a creditor. The petition of Bovaird & Irvine, Inc., recites that the plaintiff in that action was a simple contract creditor suing upon an account, but likewise seeking a setting aside of the conveyances which it was charged was in fraud of the plaintiff, a creditor. The petition of the Bovaird Supply Company was based upon a promissory note evidencing indebtedness by the bankrupts, seeking judgment on the promissory note, and the setting aside of the conveyances which it was charged was in fraud of creditors. A similar action was pleaded by the First National Bank & Trust Company of Tulsa, Okl., seeking a foreclosure of a mortgage. After judgments were rendered the mortgage of the First National Bank & Trust Company of Tulsa, Okl., was foreclosed and the property described in the mortgage was sold. Thus the lien of the First National Bank & Trust Company was merged in its judgment and was satisfied by the sale of the property described in its mortgage. All of the creditors, the movants herein, excepting the First National Bank & Trust Company, were simple contract creditors. No judgment had been entered upon their claims until the 19th day of June, 1930, which was within four months of the adjudication in bankruptcy.

■■ The judgment of the district court of Creek county, Okl., is not subject to a collateral attack in this court; it not having been shown to be void. Nanson v. Duncanson, 166 U. S. 533, 17 S. Ct. 647, 41 L. Ed. 1105; Cornett v. Williams, 20 Wall. 226, 22 L. Ed. 254. The judgment and order of the district court of Creek county appointing a receiver must be recognized by this court. From the judgment roll it is observed that all of the creditors in the action sought the setting aside of conveyances which were alleged to have been in fraud of creditors, and for the appointment of a receiver, which is in the nature of a creditor's bill for the purpose of setting aside fraudulent conveyances. Under the decided cases in Oklahoma only judgment creditors are entitled to this relief. Porter v. Rott, 116 Okl. 3, 243 P. 160; Indian Land & Trust Co. v. Owen, 63 Okl. 127, 162 P. 818; Miller v. Melone, 11 Okl. 241, 67 P. 479, 56 L. R. A. 620; Chandler v. Colcord, 1 Okl. 260, 32 P. 330.

■ Lytle's petition sought relief by the appointment of a receiver and for the setting aside of the conveyances as a stockholder owning $11,000 worth of the preferred stock. As no findings were made by the district court of Creek county, Okl., it is to be presumed that the order appointing the receiver, McMasters, was based upon the only legal ground disclosed by the pleadings. I therefore conclude that the order appointing McMasters as receiver made by the district court of Creek county, Okl., was valid and was entered upon the complaint of a stockholder, as the creditors were not entitled to this relief, but had adequate remedies at law for the enforcement of their claims.

■ Judgments were entered upon the claims of the movants within four months of the adjudication in bankruptcy, and prior to the entry of judgment the creditors did not obtain any liens, either in law or in equity, as they had adequate remedies at law which were not exercised. They were not entitled to a setting aside of the conveyances and the appointment of a receiver as simple contract creditors, and it will be assumed that the order of the district court of Creek county, Okl., appointing a receiver was entered upon the legal ground therefor, to wit, the complaint of a stockholder.

■ The settled rule is that the jurisdiction of courts in bankruptcy in the administration of the affairs of insolvent persons and corporations is exclusive and paramount. In re Watts & Sachs, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933; United States Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 32 S. Ct. 620, 56 L. Ed. 1055; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; In re Yaryan Naval Stores Co., 214 F. 563 (C. C. A. 6); In re Grafton Gas & Electric Co. (D. C.) 253 F. 668.

■■ The weight of authority of the Circuit Courts of Appeal preponderates in favor of the rule that the bankruptcy courts will not interfere with the possession of a state court receiver appointed more than four months prior to bankruptcy at the instance of creditors. This holding is sustained upon the theory that an equitable attachment or lien arises in favor of a creditor instituting the action for the appointment of a receiver, and that the state court appointing the receiver will be permitted to administer the assets for the satisfaction of the equitable attachment or lien. Clements v. Conyers (C. C. A.) 32 F.(2d) 5; Neely v. McGehee (C. C. A.) 2 F.(2d) 853; Blair v. Brailey, 221 F. 1 (C. C. A. 5); In re Heckman, 140 F. 859 (C. C. A. 9). A careful examination of these authorities relied on by counsel for the movants shows that in the cases considered the actions instituted more than four months prior to the alleged bankruptcy were treated and considered as general creditors' bills, and it is an important distinction to be observed here that under the Oklahoma authorities a general creditor's bill for equitable relief, such as would result in an equitable lien in favor of such creditors, cannot be maintained in Oklahoma until such creditor has first obtained a judgment at law upon his claim. However, there is a well-recognized exception to this general rule in Oklahoma; that where the debtor has absconded so that personal judgment cannot be obtained against him and has no property within the jurisdiction of the court subject to attachment, but has money or funds in the hands of an administrator, as his share of an estate of a deceased person, it may be reached in an action in the nature of a creditors' bill without first having obtained a judgment at law. The reason for this exception to the general rule is that such money or fund is not subject to garnishment or attachment. Johnston v. Byars State Bank, 141 Okl. 277, 284 P. 862.

The case of Metcalf v. Barker, 187 U. S. 165, 23 S. Ct. 67, 47 L. Ed. 122, does not support the contention of the movants. In this case it was held: "When therefore a judgment creditor files his bill in equity long prior to the bankruptcy of the defendant; there by obtaining a lien on specific assets, and diligently prosecutes it to a final judgment, he acquires a lien on the property of the bankrupts which is superior to the title of the trustee, and a District Court of the United States does not have jurisdiction to make an order in bankruptcy proceedings against the defendants enjoining him from enforcing such lien." This same rule was followed in the case of Pickens v. Roy, 187 U. S. 177, 23 S. Ct. 78, 47 L. Ed. 128. These cases support the rule adhered to by the Supreme Court of Oklahoma, that a judgment creditor may maintain a creditor's bill in equity subsequent to establishing his claim at law.

■■ The receiver appointed by the state district court of Creek county, however, was properly appointed at the instance of a minority stockholder. The rule is well established that the pendency of a suit in a state court instituted against a corporation by stockholders for the protection of their rights and the possession of the corporate property by a receiver appointed in such suit does not deprive the creditors of the corporation of the superior right conferred on them by the federal statute to have the corporate assets brought into the federal court for administration under adjudication in bankruptcy. Bank of Andrews et al. v. Gudger, 212 F. 49 (C. C. A. 4); Miller v. Potts, 26 F.(2d) 851 (C. C. A. 6); In re Grafton Gas & Electric Co., supra.

■■ I am of the opinion that in the instant case the movants herein, creditors in the state court action, did not acquire any equitable rights which are prior to the rights of other general creditors to have the assets and properties of the bankrupts administered in the bankruptcy court for the benefit of all creditors, subject only to liens acquired more than four months prior to bankruptcy, and which may be established in this court. It may be here observed that in the state court case no notice was given to creditors to generally appear and assert their claims, and no order of the court was entered directing such creditors to appear. They were not generally afforded any opportunity to assert their claims in the action in the state court.

The motion is denied.