GEORGE C. MILLER, Appellant, v. D. W. BATES, Receiver et al., Appellees.

·No. 45207.

JUNE 18, 1940.

, O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, for appellant.

Kenneth H. Davenport and O. E. Anderson, for appellees.

MILLER, J.—This is an action to set aside, cancel and hold for naught a decree of foreclosure entered against the plaintiff, George C. Miller, on March 21, 1936. The petition asserts that plaintiff is the owner of certain described real estate in

Union county, Iowa; the Farmers & Merchants Savings Bank of Creston had a mortgage on said land; D. W. Bates became receiver for the bank and in 1932 brought an action to foreclose the mortgage; decree was entered foreclosing the mortgage on March 21, 1936; it was entered without notice to, knowledge, consent or acquiescence of the plaintiff. The prayer of the petition was that the decree be set aside, canceled and held for naught.

The answer of D. W. Bates, as receiver, is in three counts. Count No. 1 is a general denial. Count No. 2 denies all allegations not admitted and asserts the following facts: The bank had a mortgage on plaintiff's undivided interest in certain described real estate, dated May 31, 1929, in the amount of $12,000; plaintiff commenced an action in partition and in August 1932 a decree was entered by which plaintiff was adjudged to be the owner of a certain part of the real estate, subject to the lien of the bank's mortgage; four days later, foreclosure action was commenced by the bank against the plaintiff; the plaintiff appeared in such action, sought a continuance which was denied, and, on February 27, 1936, a decree of foreclosure was entered; through inadvertence and mistake the decree included all of the land in which plaintiff originally had an undivided interest, and neglected to describe only the land awarded plaintiff by the partition decree; at the same term, a motion was filed to correct the decree so erroneously entered and to enter a proper decree in accordance with the findings and order of the court; pursuant to this motion, on the same day that it was filed and during the term, a supplemental decree was entered identical with the former decree, except that the description of the real estate involved was limited to that awarded plaintiff by the partition decree; the entry of such decree was authorized by section 10801 of the Code; special execution issued and a sale was had; in February 1937 the plaintiff applied for and thereafter secured an extension of the period of redemption; plaintiff waived any right to object to the decree and was estopped by his conduct. Count

No. 3 asserted that the action was barred because not brought before the second day of the succeeding term, was also barred by section 12787 in that it was not commenced within one year after the entry of the decree; the petition was defective because it in no way asserted any defense to the decree of foreclosure. The answer prayed that the plaintiff's petition be dismissed at plaintiff's costs.

At the trial, all the pleadings, records, files, orders and entries in both the foreclosure action and the partition suit were introduced in evidence. The trial court found and determined that the motion to correct the decree was filed and the supplemental decree was entered, by the same judge that heard the foreclosure action, during the same term, that the supplemental decree was in no way prejudicial to plaintiff and did no more than correct the record so as to make it speak the truth, the failure to give notice did not deprive the court of jurisdiction, plaintiff by his conduct waived any rights to object thereto and was estopped from seeking to set aside such decree. Pursuant to such findings, a decree was entered dismissing plaintiff's petition with prejudice and rendering judgment for costs. From such decree plaintiff appeals.

The evidence clearly supports the findings of the trial court. Appellant does not in any way dispute the sufficiency of the evidence on questions of fact. The only errors asserted pertain solely to the conclusions to be drawn from the facts. It is undisputed that the court had jurisdiction to enter a foreclosure decree. By inadvertence and mistake, the foreclosure decree originally entered included not only the real estate owned by the debtor, but other real estate covered by the mortgage but not involved in the litigation. The supplemental decree merely corrected the mistake, made the decree conform to the evidence and the decision of the court so that the decree spoke the truth. This was in no way prejudicial to appellant. Appellant does not claim that he was in any way prejudiced but bases his appeal on the naked proposition that the entry of the supplemental decree, being made without notice to him, was

without jurisdiction and a nullity. We see no merit in appellant's contentions.

Appellant cites numerous decisions of this court wherein we have required notice of a modification of a decree or judgment. In all of the cases, relied upon by appellant, there was a showing of prejudice to the party complaining of the supplemental order. The decisions are not in point here.

Appellees rely upon our decision in the case of Meirkord v. Helming, 139 Iowa 437, 439, 116 N. W. 785, wherein we state:

"The appellees' judgments were based upon the firm indebtedness of Helming & Riley, a copartnership consisting of John Helming and Wm. H. Riley; but they were rendered against the firm and the individual members thereof, and became liens upon any real estate or interest therein subsequently acquired by either member of the firm. By some oversight of the clerk the complete judgment record did not clearly recite that judgment was rendered against the individuals, and the same was corrected without notice to the judgment defendants, and a nunc pro tunc entry was ordered. The judgments were, in fact, rendered against the individuals on proper and sufficient notice and on sufficient pleadings. They could not, if present, successfully resist the application for a correction of the complete record to make it conform to the judgments rendered, and in such cases it seems to be the general rule that notice is not required, for the correction is nothing more than a formal matter. 23 Cyc. 879; Black on Judgments (1st Ed.) 134; 17 Am. & Eng. Enc. Law, 818. Furthermore, the appellant expressly admitted in his intervention in the injunction suit the recovery of the judgments against John Helming. He should not now be heard to the contrary."

From our investigation, it appears that this court has never receded from the position taken in the above quotation. We are of the opinion that the same position should be taken here. The supplemental decree was in effect a nunc pro tunc

entry to correct an obvious mistake, to make the record speak the truth and was in no way prejudicial to appellant. Notice thereof was not required. Furthermore, appellant expressly recognized the binding effect of the decree when he applied for and secured an extension of the period of redemption. He cannot now be heard to the contrary.

The decree is right. It is affirmed.—Affirmed.

HAMILTON, C. J., and HALE, OLIVER, SAGER, MITCHELL, BLISS, and RICHARDS, JJ., concur.